JOSEPH L. HOLLINGSWORTH, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed January 18, 1917.

CRIMINAL LAW—EMBEZZLEMENT BY MUNICIPAL OFFICER—INFORMATION CHARGING EMBEZZLED MONEYS CAME TO OFFICERS HANDS "BY VIRTUE OF HIS OFFICE" IS EQUIVALENT OF CHARGING THAT IT WAS THE DUTY OF SUCH OFFICER TO RECEIVE THE SAME.

1. An information predicated upon Section 3317 General Statutes of 1906, that charges, that the defendant was an officer, to-wit: Tax Collector, of the municipality of the City of Tampa, and did, by virtue of said office as Tax Collector, and while such officer, to-wit: Tax Collector, receive and take into his possession certain moneys, the property of the City of Tampa, to-wit: Four hundred and eighty-five dollars, for and in the name and on account of the City of Tampa; and the said money, so as aforesaid coming into his possession by virtue of his said office as Tax Collector as aforesaid, he the said H. then and there, to-wit: on the 1st day of November, 'A. D. 1915, in the county and State aforesaid, did feloniously embezzle and feloniously and fraudently convert unto his own use, &c., sufficiently alleges that the duty of the defendant as such officer required him to receive such public money.

2. It is safe but not essential to pursue the words of a statute. But if they are substantially followed or words of equivalent import are used, it is sufficient. The charge that the defendant received these moneys "by virtue of his office" as Tax Collector of the City of Tampa and while he was such Tax Collector, was the equivalent in substance of the words of the statute "whose duty requires him to receive said public money."

3. Where an indictment alleges that a party is an officer and "by virtue of his office" receives public moneys, it is equivalent to saying that the law of his office makes it his duty to receive such money, otherwise if he receives it without any authority of law so to do, he cannot be said to have received it *by virtue of his office.* Money received by an officer by virtue of his office is money which that officer receives under the law of his office and not in violation thereof.

Writ of Error to Criminal Court of Record for Hillsborough County; Lee J. Gibson, Judge.

Judgment affirmed.

*John P. Wall,* for Plaintiff in Error;

*T. F. West, Attorney General,* and *C. O. Andrews, Assistant,* for the State.

TAYLOR, J.—The plaintiff in error, hereinafter referred to as the defendant, was informed against in the Criminal Court of Record of Hillsborough County for the crime of embezzlement, the information upon which he was tried, omitting its formal heading, being as follows:

"*Be It Remembered,* That Wm. H. Jackson, Solicitor for the County of Hillsborough, prosecuting for the State of Florida, being present in said court on the 7th day of July, in the year of Our Lord one thousand nine

hundred and sixteen, gives the court to be informed and understand that Joseph L. Hollingsworth, late of the County of Hillsborough aforesaid, in the State aforesaid, on the 1st day of November, in the year of Our Lord one thousanl nine hundred and fifteen, with force and arms at and in the County of Hillsborough aforesaid, being then and there an officer of the city of Tampa, a Municipal Corporation under the laws of the State of Florida, to-wit: tax collector, did, by virtue of said office as tax collector, and while such officer, to-wit; tax collector, receive and take into his possession certain moneys, the property of the City of Tampa, to-wit: Four Hundred Eighty-five Dollars, for and in the name and on account of the city of Tampa aforesaid; and the said money, so as aforesaid, coming into his possession by virtue of his said office as tax collector as aforesaid, he, the said Joseph L. Hollingsworth, then and there, to-wit: on the 1st day of November, in the year of Our Lord one thousand nine hundred and fifteen, in the County and State aforesaid, did feloniously embezzle and feloniously and fraudulently convert unto his own use, to-wit: the said sum of Four Hundred Eighty-five Dollars in money current in the United States of America, of the value of Four Hundred Eighty-five Dollars in money current in the United States of America, a more particular description of which is to the Solicitor unknown, against the forms of the Statutes in such cases made and provided and to the evil example of all others in the like case offending, and against the peace and dignity of the State of Florida.

"*And Be It Further Remembered,* That Wm. H. Jackson, Solicitor as aforesaid, prosecuting as aforesaid, being present in said court on the day and year first aforesaid, gives the court to be further informed and understood that the said Joseph L. Hollingsworth, late

of the County of Hillsborough aforesaid, in the State aforesaid, on the 10th day of November, A. D. 1915, with force and arms at and in the County of Hillsborough aforesaid, being then and there an officer of the city of Tampa, a Municipal Corporation under the laws of the State of Florida, to-wit: tax collector, did, by virtue of said office as tax collector, and while such officer, to-wit, tax collector, receive and take into his possession certain moneys, the property of the city of Tampa, to-wit: Seven Hundred Fifty Dollars for and in the name and on account of the city of Tampa aforesaid; and the said money so as aforesaid coming into his possession by virtue of his said office as tax collector as aforesaid, he, the said Joseph L. Hollingsworth, then and there, to-wit: on the 10th day of November, A. D. 1915, in the County and State aforesaid, did feloniously embezzle and feloniously and fraudulently convert unto his own use, to-wit: the said sum of Seven Hundred Fifty Dollars in money current in the United States of America, of the value of Seven Hundred Fifty Dollars in money current in the United States of America, a more particular description of which is to the Solicitor unknown, against the forms of the Statute in such cases made and provided and to the evil example of all others in the like case offending, and against the peace and dignity of the State of Florida.

"*And Be It Further Remembered,* That Wm. H. Jackson, Solicitor as aforesaid, prosecuting as aforesaid, being present in said court on the day and year first aforesaid, gives the court to be further informed and understood that the said Joseph L. Hollingsworth, late of the County of Hillsborough in the State aforesaid, on the 1st day of January, A. D. 1916, with force and arms at and in the County of Hillsborough aforesaid, being then and there an officer of the city of Tampa, a Municipal

corporation under the laws of the State of Florida, to-wit: tax collector, did, by virtue of said office as tax collector, and while such officer, to-wit: tax collector, receive and take into his possession certain moneys, the property of the City of Tampa, to-wit: Seven Hundred Fifty Dollars ($750.00), for and in the name and on account of the City of Tampa aforesaid; and the said money so as aforesaid coming into his possession by virtue of his said office as tax collector as aforesaid, he, the said Joseph L. Hollingsworth, then and there, to-wit: on the 1st day of January, A. D. 1916, in the County and State aforesaid, did feloniously embezzle and feloniously and fraudulently convert to his own use, to-wit: the said sum of Seven Hundred Fifty Dollars, in money current in the United States of America, of the value of Seven Hundred Fifty Dollars in money current in the United States of America, a more particular description of which is to the Solicitor unknown, against the forms of the Statute in such case made and provided and to the evil example of all others in the like case offending, and against the peace and dignity of the State of Florida.

"*And Be It Further Remembered,* That Wm. H. Jackson, Solicitor as aforesaid, prosecuting as aforesaid, being present in said court on the day and year first aforesaid, gives the court to be further informed and understood that the said Joseph L. Hollingsworth, late of the county of Hillsborough aforesaid, in the State aforesaid, on the 4th day of March, A. D. 1916, with force and arms at and in the County of Hillsborough aforesaid, being then and there an officer of the City of Tampa, a municipal corporation, to-wit:  tax collector, did, by virtue of said office as tax collector, and while such officer, to-wit: tax collector, receive and take into his possession certain moneys, the property of the City of Tampa, to-wit: Two

Hundred Fifty Dollars, for and in the name and on account of the City of Tampa, aforesaid; and the said money so as aforesaid coming into his possession by virtue of his said office as tax collector as aforesaid, he, the said Joseph L. Hollingsworth, then and there, to-wit: on the 4th day of March, A. D. 1916, in the County and State aforesaid, did feloniously embezzle and feloniously and fraudulently convert unto his own use, to-wit: the said sum of Two Hundred Fifty Dollars in money current in the United States of America, of the value of Two Hundred Fifty Dollars in money current in the United States of America, a more particular description of which is to the Solicitor unknown against the forms of the Statute in such case made and provided and to the evil example of all others in the like case offending, and against the peace and dignity of the State of Florida; wherefore the said Wm. H. Jackson, County Solicitor as aforesaid, prosecuting for the said State aforesaid, prays the advice of the court in the premises that a capias may be issued forthwith for the arrest of the said Joseph L. Hollingsworth and that he be held for trial under the foregoing information."

Upon the demand of the defendant for a bill of particulars as to the several sums of money alleged to have been embezzled, the Solicitor for said court filed the following:

"And now comes the State of Florida, by Wm. H. Jackson, its attorney, and in compliance with the demand for a bill of particulars made by the defendant furnishes the following, to-wit:

"*First Count*: Moneys received by the defendant as tax collector of the City of Tampa, Florida, in payment of City license tax for the fiscal year commencing with the 1st day of October, A. D. 1915, by the following

companies: Security Insurance Company, Fireman's Insurance Company, Hartford Insurance Company, Phoenix Insurance Company, Continental Insurance Company, Home Fire Insurance Company and American Casualty Company.

"*Second Count*: Moneys received by the defendant as tax collector for the City of Tampa, Florida, in payment of City license tax for the fiscal year commencing October 1st, A. D. 1915, by P. S. Joh.

"*Third Count*: Moneys received by the defendant as tax collector of the City of Tampa, Florida, in payment of city license tax for the fiscal year commencing October 1st, A. D. 1915, by J. A. Falsone.

"*Fourth Count*: Moneys received by the defendant as tax collector for the city of Tampa, Florida, in payment of City license tax for the fiscal year commencing October 1st, A. D. 1915, by Confidential Loan & Jewelry Company."

Upon this information the defendant was tried and convicted, the jury returning a general verdict of "guilty as charged in the information." After verdict and before sentence the defendant moved in arrest of judgment upon the following grounds:

"1st. Because each and every count in said information is defective in that they and each of them fail to specify any particulars of the embezzlement or fraudulent conversion therein specified."

"2nd. Because each and every count in said information fails to allege that it was the duty of the said defendant to receive the moneys he is alleged to have embezzled and fraudulently converted to his own use."

"3rd. Because each and every count in said information fails to allege that the moneys therein mentioned belonged to or was in the possession of the city of

`Tampa, or that it was the duty of the said defendant to receive the same."

"4th. Because the said verdict failed to find the value of the moneys embezzled and fraudulently converted to his own use by the defendant."

. "5th. Because each and every count in said information is vague, indistinct and indefinite and tended to mislead the accused and embarrass him in the preparation of his defense."

This motion was overruled and the defendant was sentenced to imprisonment in the State penitentiary for the period of five years, and brings such judgment here for review by writ of error. The denial of this motion in arrest of judgment is substantially the only error assigned, and to sustain this assignment the sole contention here is that the information is bad because no count therein charges that it was the duty of the defendant to receive the moneys alleged to have been embezzled, or that he embezzled or converted to his own use such moneys *while* he was tax collector of the city of Tampa. The information was designed to charge infractions of the following provisions of Section 3317 of the General Statutes of 1906:

"Any State, county or municipal officer who shall:

"1. Convert to his own use, or who shall withhold with the intent to convert to his own use,

"(a) Any money, property or effects belonging to, or in the possession of the State, county, city or town whose duty requires him to receive said public money, property or effects * * * shall in every such act be deemed guilty of an embezzlement of the money, property or effects so converted, secreted or withheld, and shall be punished by imprisonment in the State prison not exceeding twenty years," &c.

While it is true that this statute in identifying the official embezzler uses the words "whose duty requires him to receive said public money, property or effects," and while it is true that the information in this case does not use the quoted language of the statute, still the information should not for this reason be held to be bad, since each count thereof uses words that convey the same meaning as the above quoted words. Each count of the declaration charges as follows: "that the defendant Hollingsworth * * * being then and there an officer of the city of Tampa, a municipal corporation under the laws of the State of Florida, to-wit: tax collector, did, by virtue of said office as tax collector, and while such officer, to-wit: tax collector, receive and take into his possession certain moneys, the property of the city of Tampa, to-wit: Four Hundred and Eighty-five Dollars, for and in the name and on account of the city of Tampa aforesaid; and the said money, so as aforesaid coming into his possession by virtue of his office as tax collector as aforesaid, he, the said Hollingsworth, then and there, to-wit: on the 1st day of November, A. D. 1915, in the County and State aforesaid, did feloniously embezzle and feloniously and fraudulently convert unto his own use," etc.

In the case of State v. Heaton, 81 N. C. 542, it was held, and we think correctly, that: "It is safe but not essential to pursue the words of a statute. But if they are substantially followed or words of equivalent import are used, it is sufficient." 1 Bish. New Cr. Proc. Sec. 612 and citations; State v. Little, 1 Vt. 331; Poage v. State, 3 Ohio St. 229.

In the case of Gleason v. State, 6 Ala. App. 49, 60 South. Rep. 518, it was held that: "An indictment charging embezzlement by an officer, agent, etc. contrary to

the statute need not follow the language of such statute in charging the offense, if it alleges that the accused obtained possession of the money by virute of his office or employment." Strobhar v. State, 55 Fla. 167, 47 South. Rep. 4; Moore v. United States, 160 U. S. 268, 16 Sup. Ct. Rep. 294. The charge in this information that the defendant received these moneys "by virtue of his office" as tax collector of the city of Tampa and while he was such tax collector, was the equivalent in substance of the words of the statute "whose duty requires him to receive said public money." When an indictment alleges that a party is an officer and by virtue of his office receives public moneys, it is equivalent to saying that the law of his office makes it his duty to receive such money, otherwise if he receives it without any authority of law so to do, he cannot be said to have received it *by virtue of his office.* Alcock v. Andrews, 2 Esp. N. P. 541. In Renfroe v. Colquitt, Governor, 74 Ga. 618, it was held that: "Money received by an officer by virtue of his office is money which that officer received under the law of his office and not in violation thereof." State v. Fowler, 88 Md. 601, 42 Atl. Rep. 201, 71 Am. St. Rep. 452, 42 L. R. A. 849; Goodhue v. People, 94 Ill. 37; State v. Ensley, 177 Ind. 483, 97 N. E. Rep. 113; Compton v. State, 162 Ark. 213, 143 S. W. Rep. 897.

We think that the information and each count thereof was sufficient to withstand the assaults made upon it, even if such assaults had been made through the medium of a motion to quash, much more so when the assault upon it was made after trial and verdict by motion in arrest of judgment. Ruth Smith v. State, decided here at the last term. It follows from what has been said that the judgment of the court below must be and is hereby

affirmed at the cost of Hillsborough County, the plaintiff in error having been adjudged by the court below to be insolvent.

BROWNE, C. J., and SHACKLEFORD, WHITFIELD and ELLIS, JJ., concur.