HENRY THOMAS, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed October 26, 1917.

1. An information which charges that the defendant "did unlawfully engage in and carry on the business of a dealer in liquors," in a certain county which had voted against the

Thomas v. The State of Florida—Syllabus.

sale of such liquors, and that the defendant had been before convicted of a like offense and duly sentenced therefor, sufficiently charges the offense of being "a common liquor dealer in violation of law" denounced by Section 3 of Chapter 6861, Laws of Florida, 1915.

2. An information sufficiently clear in the allegations of fact to acquaint the defendant of the nature and cause of the accusation against him, and substantially in the language of the statute prohibiting the crime, and does not mislead or embarrass the accused in the preparation of his defense, or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense, should not be quashed as being insufficient in its allegations to charge an offense.

3. Conviction or acquittal upon an information or indictment charging the defendant as a second offense with having sold intoxicating liquors on a certain date in a county which had voted against the sale of such liquors under the provisions of Article XIX of the Constitution is a defense to another prosecution based upon an alleged sale of intoxicating liquors prior to the date named in the first information or indictment.

4. The right of the defendant in certain cases to demand a bill of particulars and the power of the court to direct one independently of statutory authority is settled in this State.

5. In a criminal prosecution where a bill of particulars is seasonably applied for and reasonably demanded, the matter of requiring the State Attorney to supply it, rests largely within the court's discretion; but that discretion is subject to review, and where the denial of the application may result in defeating justice, it will be treated as reversible error.

6. A motion for a continuance based upon the ground of absent witnesses is imperfect which does not show that the witness is within the jurisdiction of the court and diligence in attempting to procure his attendance.

7. A verdict is not defective as to the identity of the person convicted or the crime of which he was found guilty when by reference to the record it is made clearly to appear that the jury intended to find the defendant guilty of the crime charged.

8. A judgment imposing a fine and containing a provision that in default of the payment of the fine the defendant be confined in the penitentiary is defective under a statute prescribing punishment upon conviction by fine or imprisonment or both fine and imprisonment.

9. Section 4011 of the General Statutes of Florida provides that in such case as mentioned in the preceding headnote the alternative sentence shall be confinement in the county jail. If the sentence is one of both fine and imprisonment in the State prison provision may be made in the sentence for an additional period of imprisonment in the State prison in case of default in payment of the fine.

10. When objection is made to a question propounded to a witness at the trial and the objection is overruled an exception should be taken to the rulings of the court in order to secure consideration by this court of the merits of the objection.

11. Before pronouncing sentence upon a person convicted of crime the judge of the court pronouncing the sentence should ask the prisoner if he has anything to say why sentence should not be pronounced upon him.

Writ of error to Criminal Court of Record for Orange County, T. P. Warlow, Judge.

Judgment reversed.

*John C. Jones* and *J. A. Rowe,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

ELLIS, J.—The plaintiff in error was convicted of the offense of selling intoxicating liquors in a county which had voted against the sale of such liquors having before been convicted of the like offense.

The prosecution was begun by an information filed in the Criminal Court of Record for Orange County, in December, 1916. The trial occurred in March, 1917. The judgment imposed a fine of one thousand dollars upon the defendant below, and in "default thereof, be confined in the penitentiary for the term of 18 months."

The information charged that the defendant on a certain date in December, 1916, in Orange County "did unlawfully engage in and carry on the business of a dealer in liquors, said county having voted against the sale of said liquors. And that the said Henry Thomas had been before that date, to-wit, on the 17th day of September, 1914, convicted in the Criminal Court of Record in the County of Orange and State of Florida of a like offense, and duly sentenced therefor to pay a fine," etc.

The defendant, by his counsel, filed motions to quash the information and in arrest of judgment. Both motions contained the same grounds, and were overruled. Such rulings constitute the bases of the first and sixth assignments of error. It is contended in behalf of the plaintiff in error, hereinafter referred to as the defendant, that the information charges no offense; that the offense is not stated in the terms of the statute; that the offense is not so stated in the information as to apprise the defendant of what law he is charged with violating, and that the offense of being "a common dealer in liquors contrary to law" is a continuing offense, and that a conviction or acquittal of the defendant under the information would be no bar to a prosection of the offense of being "a common dealer in liquors contrary to law."

Chapter 6861 Laws of Florida, 1915, entitled "An Act to Amend Section 3556 of the General Statutes of the State of Florida Relating to the Sale of Liquors in Counties or Precincts Voting Against Such Sales, and to Amend Section 3448 of the General Statutes of the State of Florida Relating to the Sale of Liquors Without License, as amended by Chapter 6179 Laws of Florida of 1911, and Defining the Term Beer," by section one amends section 3556 of the General Statutes, and provides a penalty for the sale of liquors in counties and precincts voting against such sale. Section 2 amends Section 3448 of the General Statutes and provides a penalty for the sale of liquor without a license. Section 3 of the act provides a penalty for the commission of either offense by one who had been before convicted of a like offense. This section is quoted in full here, and is as follows:

"Sec. 3. Whoever is convicted of selling or causing to be sold, any intoxicating liquors, wines or beer, in any county or precinct which has voted against the sale of such liquors, under the provisions of Article XIX of the Constitution of the State of Florida, or whenever any person or persons, firm or association is convicted of selling or causing to be sold, or keeping for sale any intoxicating liquors, wines or beer, without his paying the license required by law, having been before convicted of the like offense, shall be deemed and adjudged to be a common liquor dealer, in violation of law, and shall be punished, upon conviction, by being fined not more than $3,000, or by imprisonment in the State Prison not more than five years, or by both fine and imprisonment, in the discretion of the Court."

The information contains all the necessary allegations to charge the offense denounced by the section of the statute quoted. Every essential element of the offense was

directly alleged. To allege in the information that the acts so charged constitute the offense of being "a common liquor dealer in violation of law" is to allege a conclusion of law which was unnecessary to be made. If after stating the fact as alleged in the information the pleader had concluded by alleging that the defendant was thereby deemed to be "a common liquor dealer," etc., no force would have been added to the charge, nor would the allegations of fact thereby have been made clearer, nor would the information have been affected by the allegations of the pleader that the defendant was thereby deemed to be guilty of some other crime. It would be regarded as mere surplusage not affecting the sufficiency of the facts alleged to charge the crime of "selling intoxicating liquors, wines or beer in a county which had voted against the sale of such liquors under the provisions of Article XIX of the Constitution (the seller) having been before convicted of a like offense." See McCaskill v. State, 55 Fla. 117, 45 South. Rep. 843. The information is sufficiently clear in the allegations of fact to acquaint the defendant with the nature and cause of the accusation against him, and substantially in the language of the statute prohibiting the crime. The information is not so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense. Section 11 Bill of Rights; Secs. 2892-2893 Gen. Stats. of Florida, 1906, Florida Compiled Laws, 1914; McCaskill v. State, *supra.* See also Humphreys v. State, 17 Fla. 381; Schley v. State, 48 Fla. 53, 37 South. Rep. 518; Dickens v. State, 50 Fla. 17, 38 South. Rep. 909; Strobhar v. State, 55 Fla. 167, 47 South. Rep. 4; Mills v. State, 58 Fla. 74, 51 South. Rep. 278; Edwards v. State, 62 Fla. 40, 56 South. Rep. 401;

Clark v. State, 68 Fla. 433, 67 South. Rep. 135. Counsel for the defendant admit in their brief that if the defendant had been prosecuted as "a common dealer of liquor in terms of the statute" he would be beyond danger of being prosecuted for any "specific act covering the period of time covered by the evidence in a trial as a common dealer," but that as it now stands his conviction or acquittal would be no defense in another prosecution charging him with having sold intoxicating liquors in the county on a date prior to December 20th, 1916, the date on which the defendant is alleged in the information to have sold the liquor after having been once convicted of a like offense. We think counsel are in error. The information charges the defendant with acts which if true make him guilty of the crime denounced by the statute, and proof of any sale prior to December 20th, 1916, but within the time elapsing after the act became a law would be sufficient to sustain the charge if prior to the last sale he had been convicted of a life offense. It would seem to follow, therefore, and we so hold, that his conviction or acquittal on the information would be a complete defense to another prosecution based upon an alleged sale of intoxicating liquor prior to December 20th, 1916.

In the case of Ex Parte Clarkson, 72 Fla. 220, 72 South. Rep. 675, the court held that the bill of particulars furnished to the defendant precluded the State from proving any embezzlement subsequent to the last date named in the bill of particulars and thus narrowed the indictment which alleged the crime to have been committed on a later date, and the Circuit Court had the power to decide whether embezzlement charged in a second indictment to have been committed on a day subsequent to the last day named in the bill of particulars, but prior to the last day named in the first indictment was a different offense even

though the party wronged and the wrongdoer were identical, and the latter had continuous access by virtue of his employment to the funds of the party injured. The writ of *habeas corpus* was discharged because the question presented was not one of jurisdiction, but a mere possible error in the ruling of the court. The Clarkson case is not in conflict with the views expressed here.

The counsel for defendant on the 12th of March, 1917, before plea, as the record states, moved the court for a bill of particulars stating "time, place and persons to whom defendant is charged to have sold the intoxicating liquors, kind of liquor sold and price received for same." The motion was overruled. According to the record a motion for a bill of particulars was again made on March 26th, and denied. These rulings of the court constitute the basis for the second assignment of error.

The right of the defendant to demand a bill of particulars, and of the court to direct one independent of express statutory authority may be considered as settled in this State. See Thalheim v .State, 38 Fla. 169, 20 South. Rep. 938; Brass v. State, 45 Fla. 1, 34 South. Rep. 307; Mathis v. State, 45 Fla. 46, 34 South. Rep. 287; Ellis v. State, decided at the present term of this court.

The bill of particulars in this case may have been denied the defendant, not only upon the mistaken notion that the court was without power to order it, but that a denial of the application would not deprive the defendant of his rights or cause a failure of justice. The record simply shows that the motion was "overruled in open court." The application for bill of particulars was according to the record seasonably made, that is before plea, and the crime charged being one in which on account of the wide latitude in proof allowable the request for a bill of particulars seemed reasonable, the order denying it might

well have stated the ground. In the Thalheim case this court said the question whether a bill of particulars shall be furnished is within the reasonable discretion of the trial judge; that the object of a bill of particulars was not to supply a defect in the indictment, but to prevent a failure of justice which might otherwise occur. In the Brass case, *supra,* the denial of a bill of particulars was not held to be error. The information against Brass alleged that he "did on or about the 1st day of December, A. D. 1901, unlawfully engage in and carry on the business of a dealer in liquors," etc. The court in reaching its conclusion seemed to be influenced by the consideration that the crime could be proved by showing a systematic course of trade which would not admit of specifications in a bill of particulars, and certainly would not demand one, and that the evidence tended to show that phase of the crime. There was also another consideration which may have had weight with the court in a case where a specific act was relied upon by the State to establish the crime; that was the election adverse to the sale of liquors was held only four months prior to the filing of the information against the defendant.

If in a prosecution for the sale of intoxicating liquor in a county which had voted against such sale, the State was confined to proof of the particular sale alleged upon the date alleged, there would be no need of a bill of particulars; but where one date is alleged and another within two years prior may be proved to sustain the charge there can be no doubt that the defendant is put to a disadvantage which may amount to a denial of justice. If he is innocent it is impossible for him to prepare his case, he must simply wait until he hears the witness for the State and then content himself with a denial. If by some chance a witness is at hand to prove that the State

witness was in error as to the particular transaction, the State may call upon the same witness, or another, to testify as to a transaction upon another date, at a different place and with another person.    The ease with which such evidence can be procured, the difficulty of proving the perjury when committed, the facility with which this method of revenge may be utilized by wickedly disposed persons to subject an enemy to trouble, expense and disgrace, or by unscrupulous persons as a means of livelihood, seems to us to imperatively demand the granting of a motion for a bill of particulars when seasonably made, to the end that the defendant may be fully advised of the nature and cause of the accusation against him; that he may have an opportunity to prepare his defense, and that the machinery of the courts may not be utilized by unscrupulous persons to bring about the humiliation and disgrace of a personal enemy, or by designing persons as a means of acquiring revenue by furnishing evidence for conviction.    In cases where the *corpus delicti* may be shown in many ways a denial of a bill of particulars may not entail such harmful consequences to the defendant and the court's discretion may not be disturbed; but where the time, place and circumstances of an alleged crime rest for proof only in the breast, mind or imagination of a single witness or set of witnesses, the defendant would seem to be entitled to the protection which a bill of particulars affords against the possibility, not to say probability, of a miscarriage of justice.    The evidence in this case cannot be said to have cured any abuse of discretion which the court may have committed in denying the bill of particulars, or to have repaired any injury to defendant which the refusal to grant his motion may have occasioned.    The State introduced several witnesses by whom it sought to establish the fact of a sale of intox-

14—Vol. 74

icating liquor by the defendant on dates between December 20th, 1916, and two years prior to that date, although the act under which the information was filed did not become a law until May 25th, 1915, or about nineteen months before. There were three witnesses for the State named Lindsey Wiggins, Cora Tripp and Hannah Turner, who, according to one of them, were paid "ten dollars a head every conviction." One of these witnesses testified that he bought whiskey from the defendant on December 20th, 1916, the date laid in the information; the other two said the transaction was in "December," but they did not "know the date." Another witness was used to prove a sale by the defendant on March 19, 1916; another witness called by the State said this latter transaction occurred on Sunday, March 9th, no year being specified; another witness, the wife of one of these, fixed the date on "Wednesday last March, I think on the 22nd." These witnesses also, according to their admissions, received money for their evidence, some being paid by the day, and others on the basis of the strength of the evidence as measured by its sufficiency to convict. Another witness said she had bought whiskey from the defendant within the last two years; that she bought some on March 22, 1916; another said he found "evidence of whiskey" on the defendant's premises in March, 1916; another said he bought whiskey from the defendant within two years; it was on Saturday night, could not tell the date, but it was in August last. Another witness told of a scheme of his by which he gave the money to certain others who went somewhere and returned with whiskey, saying they had purchased it from the defendant. This witness was permitted to say that the transaction occurred sometime during the year 1916, but he "never noticed the month or date." It is perfectly manifest that against such evidence

as that without a bill of particulars, a defendant is utterly helpless, although innocent, and should be given some opportunity to defend himself. He cannot possibly be advised of what he is called upon to meet by the mere charge that he made a sale on a certain date. We think that while the matter of requiring the State to supply the defendant with a bill of particulars rests largely within the court's discretion, the discretion is subject to review, and where the application is seasonably made in a case where justice might be defeated by a refusal to allow a bill of particulars, the court should not deny the application, and to do so is reversible error. The motion for a bill of particulars therefore might very properly have been ordered. Inasmuch however as the record does not show that the defendant was arraigned and pleaded to the information, although two attempts to get a record here were made, the judgment will have to be reversed, we will content ourselves by saying that under the circumstances as they appear to us, the defendant was reasonably entitled to his bill of particulars.

A motion for a continuance was made and overruled, which action of the court is assigned as the third error. There was no abuse of discretion in this ruling. The motion and affidavits in support of it do not clearly show that the absent witness was within the jurisdiction of the court, nor even within the State. There was also some evidence of lack of diligence on defendant's part in not procuring the attendance of the witness at the trial. The defendant had been tried once upon the same charge, and it seems secured a new trial. He therefore was aware long before his second trial that the witness was necessary to his defense, and nothing is shown to explain why his deposition was not taken, or his presence secured by subpoena.

The twelfth assignment of error presents the point that the record does not disclose the fact that the defendant was present during each step in the progress of the trial. The record presented here does not disclose such fact with clearness, although in many important details it is unnecessarily full. The point does not have to be determined, however, as the case must go back for another trial for the error already pointed out.

The verdict is attacked by the seventh assignment of error. We find no error here. As has been stated the information charges the crime denounced by Section 3 of Chapter 6861, Laws of Florida, 1915. The verdict finds the defendant guilty as charged. There was only one defendant. A reference to the record establishes with sufficient clearness and certainty that the jury intended to find Henry Thomas guilty of being "a common liquor dealer in violation of law." See Higginbotham v. State, 42 Fla. 573, 29 South. Rep. 410; Long v. State, 42 Fla. 612, 28 South. Rep. 855; O'Neal v. State, 54 Fla. 96, 44 South. Rep. 940; Edwards v. State, 54 Fla. 40, 45 South. Rep. 21; Williams v. State, 45 Fla. 128, 34 South. Rep. 279; Freeman v. State, 50 Fla. 38, 39 South. Rep. 785.

The eighth, ninth and tenth assignments of error attack the form of the judgment. These assignments are well founded. The statute imposes the following penalty for its violation: Punishment upon conviction "by being fined not more than $3,000.00 or by imprisonment in the State Prison not more than five years, or by both fine and imprisonment in the discretion of the court." The court imposed a fine of one thousand dollars. The judgment containing a provision that in default of the payment of the fine the defendant be confined in the penitentiary for eighteen months. This was in violation of Section 4011 of the General Statutes of Florida, 1906, Florida Compiled

Laws, 1914, which provides that in such case the alterna-
tive sentence shall be to confinement in the county jail.
See Bueno v. State, 40 Fla. 160, 23 South. Rep. 862;
Thompson v. State, 52 Fla. 113, 41 South. Rep. 899. If
the sentence had been one of both fine and imprison-
ment in the State Prison, then it would have been proper
to provide in the judgment for an additional period of
imprisonment in the State Prison in case of default in
payment of the fine.

The eleventh assignment of error attacks the court's
ruling in sustaining the State's objection to a question
propounded by defendant's counsel to the witness Cora
Tripp on cross-examination. The assignment cannot be
sustained because no exception was reserved to the court's
ruling. So far as the record shows, the State objected
to the question and the court sustained the objection.
The rule required an exception to have been taken by the
defendant. See Shepherd v. State, 36 Fla. 374, 18 South.
Rep. 773; Robinson v. L'Engle, 13 Fla. 482; Pittman v.
State, 51 Fla. 94, 41 South. Rep. 385; Maloy v. State,
52 Fla. 101, 41 South. Rep. 791; Weeks v. Hays, 55 Fla.
370, 45 South. Rep. 987. In the Weeks case the decisions
of this court upon the point from the establishment of the
court down to the date of the decision were collected and
reference made to them by Mr. Justice TAYLOR.

The thirteenth assignment of error presents the point
that the defendant should have been asked by the court
whether he had anything to say why sentence should not
be pronounced against him. If the rule announced in the
case of Keech v. State, 15 Fla. 591 applies to felonies not
capital, the point is not important now as the case must
go back for another trial. It would be a prudent thing
to do in all cases, whether capital or not, because it may

happen in any case that some valid reason exists why sentence should not be pronounced.

The fourteenth, fifteenth, sixteenth, seventeenth and eighteenth assignments of error rest upon certain rulings of the court admitting the testimony of a witness named Sam Chapman, and overruling the defendant's motion to strike each question propounded by the State Attorney, and each answer thereto. Considering these assignments together and viewing the witness' testimony in its entirety, we find that it is subject to some criticism. In the first place the witness who seemed to be engaged in trying to obtain information against persons suspected by him of violating the law against the sale of intoxicating liquors, was permitted to say that his two assistants told him of purchases they made from the defendant. This testimony of course was hearsay, and was not admissible. The witness was also permitted to state the purpose for which he supplied his two assistants with money. His purpose was in no degree material, and could only amount to a kind of trick to catch and hold the jury's imagination, and the subsequent bringing to him by his assistants of the "half pint" of whiskey seemed like "confirmation strong as proofs of holy writ" that his suspicions were correct. This trick of evidence too often operates to the defendant's undoing, whereas if it were stripped of that element consisting of the witness' "shrewd suspicion," it would amount to nothing more than its legitimate worth.

The nineteenth assignment of error is not well taken. The point argued by counsel was not saved and presented by the record. The objectionable part of Sheriff Gordon's testimony was not objected to by defendant.

There is no merit in the twentieth assignment. It is permissible to show that a witness has been convicted of

crime, but not merely that he was accused of or charged with crime.

The remaining assignments of error we have examined and find no merit in them. A discussion of the points involved would be of no service as the case must be sent back for a new trial because of the errors herein pointed out.

The judgment is reversed.

BROWNE, C. J., AND TAYLOR, AND WHITFIELD, J. J., concur.

WEST, J., disqualified.