A. B. SASSER, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed April 13, 1920.

1. An indictment sufficiently clear in the allegations of fact to acquaint the defendant of the nature and cause of the accusation against him, and subsequently in the language of the statute prohibiting the crime, that does not mislead or embarrass the accused in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense, should not be quashed as being insufficient in its allegations to charge an offense.

2. The evidence examined and found sufficient to support the verdict, there is nothing to indicate that the jury was influenced by considerations outside the evidence.

A Writ of Error to the Circuit Court for Santa Rosa County; A. G. Campbell, Judge.

Judgment affirmed.

*W. W. Clark,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *W. W. Trammell,* Assitant, for the State.

Browne, C. J.—The plaintiff in error, A. B. Sasser, was convicted on an indictment charging him with unlawfully selling and disposing of a mule belonging to him and in his possession to one W. F. Marcer, which mule "was subject to the lien of a chattel mortgage, made and executed by the said A. B. Sasser in favor of J. W. Kierce for the sum of four hundred and twenty-five dollars ($425.00), and the said A. B. Sasser did not have the written consent of the said J. W. Kierce to dispose of or sell said property."

The sufficiency of this indictment was attacked by motions to quash and in arrest of judgment.

The first, third and fourth grounds of the motion to quash are that the indictment is vague, indefinite and uncertain, and insufficient to charge the defendant with any offense under the law; that it fails to definitely and sufficiently describe the lien to which the property is alleged to have been subject, and that it fails to set out that at the time of the sale by the defendant there was in existence any lien upon the property.

The allegation in the indictment as to the existence of the lien at the time the sale was made, is perhaps not as clear as it might have been, but taking the indictment as a whole we think it is sufficient to inform the defendant that he was charged with having sold the property that was subject at the time of the sale to the lien of the chattel mortgage, and we fail to find that the indictment was fatally defective therein.

The fifth and sixth grounds are that the indictment fails to allege that the defendant did not have "the written consent of the person, firm or corporation holding such lien at the time of the sale;" and that it "fails to allege or show that the mortgagee, J. W. Kierce, was the holder and owner of the alleged lien at the time of the alleged sale."

It is true the indicstment does not use the words of the statute "person, firm or corporation," but it is more definite and specific, and sets out the name of the "person" in whose favor the mortgage was made and executed and charges that the defendant did not have his written consent to sell the property. We think the indictment was sufficiently clear to bring it within the rule laid down by this court in Thomas v. State, 74 Fla. 200, 76 South. Rep. 780. "An information sufficiently clear in the allegations of fact to acquaint the defendant of the nature and cause of the accusation against him, and substantially in the language of the statute prohibiting the crime, and does not mislead or embarrass the accused in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense, should not be quashed as being insufficient in its allegations to charge an offense."

The motion in arrest of judgment is based upon the same grounds as those contained in the motion to quash, and what we have said with regard to that applies to the motion in arrest of judgment.

The only ground of the motion for a new trial not covered by the other assignments of error, is that the verdict was contrary to and not supported by the evi-

dence.    There was substantial evidence upon which the jury could have based its verdict, and it will not be disturbed on that ground.

Finding no error, the judgment is affirmed.

Taylor, Whitfield, Ellis and West, J. J., concur.