JOHN KING AND WILLIAM BANKS, *Plaintiffs in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed February 27, 1923.

1. In a prosecution under Chapter 8466, Laws of Florida, Acts of 1921, where the information sets out the offense substantially in the language of the statute, and in addition specifies that the "thing of value" that the defendants sought to defraud the person named in the indictment out of was the currency of the United States, and what they assumed "to have or be able to obtain secret advance or inside information" about, was "regarding the stock market." The information is sufficiently clear to acquaint the defendant with the nature of the case and the accusation against him, and does not mislead or embarrass the accused in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.

2. Evidence examined and found sufficient to sustain the conviction.

3. Chapter 8466 makes it unlawful "to defraud or attempt to defraud" under the circumstances and conditions stated in the statute, and when a person is charged with an "attempt to defraud," under that statute it is not necessary to allege or prove any intent.

A Writ of Error· to the Criminal Court of Record for Orange County; T. Picton Warlow, Judge.

Judgment affirmed.

*Davis & Giles,* for Plaintiffs in Error;

*Rivers Buford,* Attorney General, and *Marvin C. McIntosh,* Assistant, for the State.

BROWNE, J.—John King and William Banks were convicted in the Criminal Court of Record of Orange County on an information which charged that John King "did unlawfully and feloniously attempt to defraud one Wilbert L. Sweeten out of something of value, to-wit: certain goods and lawful money, the currency of·the United States of America, a better description of said money being to your informant unknown the property of the said Wilbur L. Sweeten, by assuming to have and to be able to obtain a certain secret, advance and inside information regarding the stock market; and that Wm. Banks, W. H. Nagal and Harry Haines of the County of Orange and State of Florida, were then and there at the commission of said felony feloniously present, aiding, inciting and abetting the said John King, the said·felony in manner and form aforesaid to do and commit.

Nagal. and ·Haynes were acquitted. John King and Wm. Banks seek reversal on writ of error to this court.

The first assignment of error is based upon the order of the court overruling a motion to quash the information upon the grounds: (1) that the "information fails to charge a crime against the·laws of the State· of Florida," and (2) "because said information does not state any fact

showing that said defendants committed a violation of the laws of the State of Florida.''

The statute under which they were charged, is Chapter 8466, Laws of Florida, Acts of 1921. Section 1 of this Act provides: ''That on and after the passage and approval of this Act it shall be unlawful for any person or persons to defraud or attempt to defraud any individual or individuals out of any thing of value, by assuming to have or be able to obtain any secret, advance or inside information regarding any person, transaction, act or thing, whether such person, transaction, act or thing exists or not.''

The information sets out the offense substantially in the language of the statute, and in addition specifies that the ''thing of value'' that the defendants sought to defraud Wilbert L. Sweeten out of was the currency of the United States, and what they assumed to have or be able to obtain secret, advance or inside information about was ''regarding the stock market.''

This is not one of those offenses, composed of two elements, the overt act and the intent with which the thing is done, both of which must be alleged and proven.

The statute makes it unlawful ''to defraud or attempt to defraud'' under the circumstances and conditions stated in the statute. The defendants were charged with the ''attempt to defraud;'' there was, therefore, no necessity to allege intent.

This court has held that ''While all common law crimes consist of two elements,—the criminal act or omission, and the mental element, commonly called criminal intent, it is within the power of the legislature to dispense with the necessity for a criminal intent, and to punish particular

acts without regard to the mental attitude of the doer.'' Smith v. State, 71 Fla. 639, 71 South. Rep. 915.

We think the information was sufficiently clear ''in the allegation of facts to acquaint the defendant with the nature and cause of the accusation against him, and substantially in the language of the statute prohibiting the crime, and does not mislead or embarrass the accused in the preparation of his defense, or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.'' Thomas v. State, 74 Fla. 200, 76 South. Rep. 780; Strobhar v. State 55 Fla. 167, 47 South. Rep. 4; Edwards v. State, 62 Fla. 40, 56 South. Rep. 401; Sasser v. State, 79 Fla. 490, 84 South. Rep. 380.

We find no error in the order of the court overruling the motion to quash the information.

The second assignment of error raises the question of the sufficiency of the evidence to support the verdict. No useful purpose will be served in reciting the evidence. It is sufficient to state that it establishes a very clear case of a well planned ''attempt to defraud'' Wilbert L. Sweeten out of his money, and that steps in the accomplishment of that purpose had been taken by the defendants, up to the actual getting of his money.

The method that they used in their attempt to defraud, was what is known as ''the pocket-book swindle,'' which the chief of detectives of the City of Orlando, who had been sheriff of Orange County for a number of years, and H. G. Stutterfield, a post office inspector, testified ''is one of the oldest schemes for defrauding known to the world.''

The City Detective Gordon detailed what he called the ''three plays'' in the swindle, and the defendants had progressed with the swindle sufficiently far to make it a

very clear case of an attempt to defraud by the means set out in the information.

The judgment is affirmed.

WHITFIELD, J., concurs.

WEST, J., specially concurs.

TAYLOR, C. J., AND ELLIS, J., dissent.

WEST, J.—Concurring.

In Hogan v. State, 50 Fla. 86, 39 South. Rep. 464, 7 Ann. Cas. 139, this court held that an indictment or information for an attempt to commit a crime must aver the intent and the overt act constituting the attempt, but the statute upon which this prosecution is based (Chapter 8466, Acts of 1921) is materially different from the statute denouncing the crime of "attempt" generally. (Sec. 5403, Rev. Gen. Stat. of Fla.) The information in this case is in substantially the language of the statute and is sufficent to acquaint the accused with the nature and cause of the accusation against them.

The information charges that plaintiffs in error and others convicted with them "did unlawfully and felionusly *attempt to defraud* one Wilbert L. Sweeten out of something of value, to-wit: certain goods and lawful money, the currency of the United States of America," etc.

What acts will constitute an "attempt" to commit a crime is often difficult of determination. Of necessity each case must be determined on its own facts. Generally, there must be an intent to commit a crime, coupled with

an overt act apparently adapted to effect that intent, carried beyond mere preparation, but falling short of execution of the ultimate design. Bouvier's Law Dict. 3 rev. vol. 1, title "Attempt"; 8 R. C. L. 276; 1 Wharton's Crim. Law, Sec. 212; McClain's Crim. Law, Sec. 222; 3 Am. & Eng. Enc. of Law, 2 ed. 250; Morton v. State, 72 Fla. 265, 73 South. Rep. 187; Hogan v. State, *supra;* Graham v. People, 181 Ill. 477, 55 N. E. Rep. 179.

The interruption by the officers of the attempt charged prevented apparently sufficient progress to make perfectly clear what goods and money the accused expected to obtain. But the officers are not to be condemned for their vigilance, and in view of the evidence in the record of overt acts of defendants in manifest furtherance of the alleged "swindle," together with the evidence of witnesses familiar with the *modus operandi* in such cases, plus the paraphernalia found in their possession and offered and received in evidence, it cannot be said that any essential element of the crime charged has not been proved nor that the verdict of the jury, which has the sanction of the trial judge, is unsupported by the proof. State v. Taylor, 47 Ore. 455, 84 Pac. Rep. 82, 4 L. R. A. (N. S.) 417, 8 Am. & Eng. Ann Cas. 627; People v. Moran, 123 N. Y. 254, 25 N. E. Rep. 412, 20 Am. St. Rep. 732, note; Stokes v. State, 92 Miss. 415, 46 South. Rep. 627; State v. Mitchell, 170 Mo. 633, 71 S. W. Rep. 175.

There may be indefiniteness as to the precise goods and money that defendants expected to obtain. In the very nature of things there must be. No more so, however, than with the highwayman who takes anything of value. But this uncertainty in the probable results, if the "intended, apparent, unfinished crime" had been committed, tends in no sense to mitigate the offense in either case or

to exculpate the perpetrator. One employs deception, the other force. The object of each is the same. Failure to consumate the principal crime—to obtain anything in this case in the attempt to defraud—is an essential element of the offense necessary to be proved to sustain a conviction.