WALKER BRYANT, *Plaintiff in Error, v.* THE STATE OF FLORIDA, *Defendant in Error.*

### Division B.

Opinion Filed January 24, 1925.

Petition for Rehearing Denied February 28, 1925.

1. In the crime of burning a building or other property, which at the time is insured against loss or damage by fire, with intent to injure the insurer, the element of intent relates to the overt act of burning and not to the act of insuring the property burned.

2. Generally an indictment for a statutory offense which follows substantially the language of the statute, will be held sufficient to inform the accused of the nature and cause of the accusation against him.

3. Where the evidence of guilt is ample and the accused is denied no fundamental rights, a judgment of conviction will not be reversed because of technical errors in rulings on the admissibility of evidence or charges given or refused.

A Writ of Error to the Circuit Court for DeSoto County; George W. Whitehurst, Judge.

Affirmed.

*W. D. Bell,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *Marvin C. McIntosh,* Assistant Attorney General, for the State.

WEST, J.—The count of the indictment upon which there was a conviction charges that the defendant, "Walker Bryant, on the 24th day of October, A. D. 1922, at and in the County of DeSoto aforesaid, did then and there wil-

fully, maliciously and feloniously set fire to and burn a certain building there situate, to-wit: a building the property of W. T. Gould, alias W. T. Gould, Jr., which said building was then and there insured against loss or damage by fire, in and with the St. Paul Fire and Marine Insurance Company, a corporation, and the New Jersey Fire Insurance Company, a corporation, with intent then and there to injure and defraud the said St. Paul Fire and Marine Insurance Company, a corporation, and the said New Jersey Fire Insurance Company, a corporation.'' Upon a trial a verdict of guilty as charged was returned and defendant was adjudged guilty by the court. Writ of error was taken from this court.

There was a motion to quash the indictment, which was denied. This ruling constitutes one of the assignments of error.

The "intent to injure the insurer" is an essential element of the crime. The overt act is the burning, not the insuring, of the property, which, coupled with intent to injure the insurer, constitutes the crime. Latham v. State, opinion filed November 8, 1924.

In the brief and in the oral argument in this Court on behalf of plaintiff in error, it is urged that the indictment alleges that the property was *insured* with intent to injure the insurer, whereas the crime denounced by the statute is *burning* with intent to injure the insurer, that the indictment therefore charges no offense, and the ruling denying the motion to quash was erroneous. It is true that between the allegations of the act of burning and of the intent prompting the act, the building burned is described and the fact of its having been insured against loss or damage by fire is alleged, but the language employed or the form in which the allegations of essential elements are expressed are not such as to render the indictment criticisable on the ground that it leaves uncertain the question of whether the

intent to injure relates to the insuring or to the burning. The statute provides that ''whoever burns a building or any goods, wares, merchandise or other chattels which are at the time insured against loss of damage by fire, with the intent to injure the insurer,'' shall, upon conviction, be subject to the penalty imposed. Sec. 5111, Rev. Gen. Stats. There has, it seems, been no difficulty in construing the statute to mean that the intent relates to the burning and not to the insuring. The indictment is substantially in the language of the statute. This is sufficient. Akin v. State, 86 Fla. 564, 98 South. Rep. 609; Sasser v. State, 79 Fla. 490, 84 South. Rep. 380; Thomas v. State, 74 Fla. 200, 76 South. Rep. 780; Hollingsworth v. State, 73 Fla. 44, 75 South. Rep. 612; Schley v. State, 48 Fla. 53, 37 South. Rep. 518.

While there are a number of assignments of error, there is no question presented by any of them which has not been settled in former decisions of this court contrary to the contentions made. To discuss and analyze each assignment would amount to no more than a reiteration of well established principles to no useful purpose. The evidence upon every material allegation is ample to sustain the jury's finding of guilt, and, while a number of paragraphs of the charge to the jury are made the bases of assignments of error, considered together, the charge fairly presents the case made by the proof.

There are no harmful errors of procedure, and in many cases this Court has held that a judgment of conviction will not be reversed even if technical errors are committed in rulings on the admissibility of evidence or in charges given or refused, where the evidence of guilt is ample and no fundamental rights of the defendant are infringed. Lewis v. State, 84 Fla. 466, 94 South. Rep. 154; Breen v. State, 84 Fla. 518, 94 South. Rep. 383; Ward v. State, 82 Fla. 383; 90 South. Rep. 157; Poyner v. State, 81 Fla. 726,

88 South. Rep. 762; Seymour v. State, 66 Fla. 133, 63 South. Rep. 7.

The judgment will be affirmed.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.