CHARLIE SHUMAKE, *Plaintiff in Error, v.* THE STATE OF FLORIDA, *Defendant in Error.*

En Banc.

Opinion Filed July 10, 1925.

1. The plea of not guilty is a waiver of the right to plead in abatement in a criminal cause.

2. It is within the discretion of the trial court to allow a plea of not guilty to be withdrawn for the purpose of pleading in abatement.

3. An information sufficiently clear in the allegations of fact to acquaint the defendant of the nature and cause of the accusation against him, and substantially in the language of the statute prohibiting the crime and does not mislead or embarrass the accused in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense, should not be quashed as being insufficient in its allegations to charge an offense. Thomas v. State 74 Fla. 200, 76 South. Rep. 780.

A Writ of Error to the Circuit Court for Washington County; D. J. Jones, Judge.

Affirmed.

*O. L. Crocker,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *M. C. McIntosh,* Assistant, for the State.

WEST, C. J.—The indictment in this case consists of two counts. In the first count plaintiff in error, Charlie Shumake, was charged as principal and Mancel Newsome as accessory. In the second count Mancel . Newsome was charged as principal and Charlie Shumake as accessory. The verdict returned found Charlie Shumake, plaintiff in error, guilty as charged in the first count and found defendant Mancel Newsome not guilty. To review the judgment writ of error was taken from this court.

The first count, omitting formal parts, is as follows:

"The grand jurors of the State of Florida, empaneled and sworn to enquire and true presentments make in and for the body of the County of Washington upon their oaths do present that Charlie Shumake of the County of Washington and the State of Florida, on the 25 day of December in the year of our Lord One Thousand Nine Hundred and Twenty-three in the County and State aforesaid, then and there being, did wantonly and maliciously shoot at and into a certain vehicle, to-wit: a Ford Roadster Car, which said Ford Roadster Car aforesaid was then and there being used and occupied by Leroy Epps and Ruthel Brown.

"And the grand jurors aforesaid, empaneled and sworn as aforesaid, enquiring as aforesaid, do further say and state that Mancel Newsome of the County of Washington and State of Florida on the 25th day of December, A. D. Nineteen Hundred and Twenty-three, being personally present did then and there aid, abet, encourage and command him the said Charlie Shumake the aforesaid crime to do and commit contrary to the form of the statutes in such case made and provided, to the evil example of all others

in like cases offending and against the peace and dignity of the State of Florida.''

The indictment is predicated upon Section 5560, Revised General Statutes.

The contention made here is that the count upon which conviction was had is defective in that it fails to describe the weapon, or any weapon, used in shooting into the Ford car as alleged. The State replies and relies as authority for the sufficiency of the count upon Taylor v. State, 67 Fla. 127, 64 South. Rep. 454.

When arraigned plaintiff in error entered a plea of not guilty. Thereafter application was made to withdraw the plea and file a motion to quash the first count upon the ground of the alleged insufficiency of the indictment because of the omission first, to describe the weapon used in shooting into the car, and second, to allege the ownership of the car.

The plea of guilty interposed waived the right to plead in abatement or to move to quash the indictment, and it is within the discretion of the trial court to allow a plea of not guilty to be withdrawn, after having been duly entered, and permit defendant to file a motion to quash the indictment. Savage v. State, 18 Fla. 909; Adams v. State, 28 Fla. 511, 10 South. Rep. 106; Hodge v. State, 29 Fla. 500, 10 South. Rep. 556; Knight v. State, 44 Fla. 94, 32 South. Rep. 110; Mercer v. State, 83 Fla. 555, 92 South. Rep. 535.

The indictment, with respect to the alleged shooting, is in the language of the statute. Generally the term ''shoot'' or ''to shoot'' implies the use of a fire-arm, and the allegation that it was ''wantonly and maliciously'' done negatives the suggestion that an instrument may have been employed that obviously would have done no injury. There is no bill of exceptions in the record, so that the weapon used is not shown.

The indictment is sufficiently clear to acquaint the defendant with the nature and cause of the accusation against him and is not so vague and indefinite as to mislead him or embarrass him in the preparation of his defense or expose him, after conviction or acquittal, to substantial danger of a new prosecution for the same offense.   Sec. 11, Bill of Rights; Secs. 6063-6064, Rev. Gen. Stats.; Thomas v. State, 74 Fla. 200, 76 South. Rep. 780; Harrell v. State, 79 Fla. 220, 83 South. Rep. 922; Sasser v. State, 79 Fla. 490, 84 South. Rep. 380; Habersham v. State, 80 Fla. 240, 85 South. Rep. 655; Steffanos v. State, 80 Fla. 309, 86 South. Rep. 204.

The judgment will be affirmed.

WHITFIELD, ELLIS, TERRELL, STRUM AND BROWN, J. J., concur.