PER CURIAM.
The defendant, William Mathew Sherwood, appeals from his conviction of the crime of grand larceny of an automobile by means of a false token or writing.
The defendant was originally charged by an information containing two counts. He was charged in one count with the crime of uttering a false instrument and in the second count with grand larceny of an automobile by means of a false token or writing. He was found guilty after a non-jury trial on the second count and was acquitted on the count charging him with the crime of uttering a false instrument.
He argues that there was a fatal and material variance between the crime charged by the information and the proof submitted for conviction and that the trial court should have granted his motion for a directed verdict.
A review of the record does not show a material variance between the charges contained in the information and the proof presented at the trial. We do not find sufficient evidence in the record to show that the defendant was surprised, misled or prejudiced in the preparation of his defense. Cannon v. State, 91 Fla. 214, 107 So. 360 (1926); Hunter v. State, Fla.App. 1967, 200 So.2d 577.
The record reflects that the defendant used a spurious instrument entitled a “customer’s draft” in order to obtain the execution and delivery by the owner of a completed certificate of title to an automobile. The defendant claims that this instrument was a valid promissory note. In our opinion, however, the document was properly found to be a false instrument by the trial judge.
We have considered the other points raised by the defendant for reversal and find them to be without merit. See Williams v. State, Fla.1959, 110 So.2d 654; Cornelius v. State, Fla.1950, 49 So.2d 332; Bryant v. State, 89 Fla. 26, 103 So. 170 (1925); and Benitez v. State, Fla.App.1959, 113 So.2d 410.
For these reasons the judgment herein appealed be and the same is hereby
Affirmed.