PER CURIAM.
This is a consolidated appeal from convictions of grand larceny returned by a jury in the Criminal Court of Record for Dade County. The State proved that the appellants were apprehended in the act of removing a large quantity of merchandise from a store in which they were employed. On this appeal, appellants challenge the sufficiency of the evidence to support the judgments, and raise five additional points alleging procedural errors in the trial.
Turning first to the point concerning the sufficiency of the evidence, we have examined the record and find the evidence sufficient.
The first procedural point urges error because the court allowed an unlisted witness to testify. It does not present reversible error for the reasons given in Buttler v. State, Fla.App.1970, 238 So.2d 313. But see Ramirez v. State, Fla.App.1970, 241 So.2d 744.
Appellants’ second point, which urges error because the court allowed two police officers to testify when they had not appeared for discovery depositions, does not show an abuse of discretion. It appears that the officers’ failure to respond at the time of the taking of the depositions was not deliberate. The trial judge would have permitted their depositions to be taken at a later time in the proceedings. It is appellants’ burden to show prejudicial error. See Richardson v. State, Fla.1971, 246 So.2d 771.
Appellants’ third and fourth points are directed to an adverse ruling concerning objections to questions propounded to witnesses, and to an adverse ruling concerning the best evidence rule. The record reveals that appellants had a full, fair trial. The evidentiary rulings complained of concerned nonessential matters. The court’s rulings did not tend to prejudice the defendants before the jury, nor did the rulings prevent appellants from presenting matters important to their defense. No prejudicial error has been demonstrated. See Cornelius v. State, Fla.1950, 49 So.2d 332; Bryant v. State, 89 Fla. 26, 103 So. 170 (1925).
The last point urges that the court erred in not granting a mistrial after the prosecuting attorney made a comment during final argument. This point is applicable only to the appellant Gonzalez. A reading of the comment convinces us that there is no reasonable basis upon which the jury could have interpreted it as a comment upon appellant Gonzalez’s failure to testify. See Parks v. State, Fla.App.1968, 206 So.2d 431.
Affirmed.