[Crim. No. 602.   First Appellate District.—December 27, 1915.]

THE PEOPLE, Respondent, v. EDWARD M. DATES,
Appellant.

CRIMINAL LAW—EMBEZZLEMENT OF LEGACY—VENUE.—In the prosecution of an executor for the embezzlement of a legacy, it cannot be
contended that the venue of the offense was not proved as 'laid in
the indictment, because of the fact that the defendant was in another county between the date of the order directing the payment

of the legacy and the date of the order for the attachment of his person for his refusal to comply with such order, and from the latter date to the date of his indictment was confined in jail in the county in which the venue was laid.

ID.—COMMISSION OF OFFENSE—TIME.—The time of commission of such an offense is not limited to the period following the date of the order directing payment of the legacy by the executor, as the title of the legatee thereto does not take its inception from the date of such order, but from the date of death of the testator.

ID.—EVIDENCE—DECREE OF PARTIAL DISTRIBUTION.—In . such a prosecution, the decree of partial distribution directing the payment of the legacy is properly admitted in evidence, as the basis of the legatee's demand for the delivery of the legacy, notwithstanding that such decree had not become final through the expiration of the period within which it might have been appealed from at the time of its offer and admission in evidence.

ID.—PETITION FOR LEGACY—WAIVER OF INFORMALITIES.—There is no error in admitting such decree in evidence by reason of the fact that the petition therefor was not signed by the legatee herself, but by her attorney, nor by the fact that she was a minor at the date of the filing, where it is shown at the time of the hearing of the petition that she was of age and personally appeared, and that the defendant also appeared and resisted her application.

APPEAL from a judgment of the Superior Court of Marin County, and from an order denying a new trial. Emmet Seawell, Judge presiding.

The facts are stated in the opinion of the court.

Walter J. Thompson, and H. F. Marshall, for Appellant.

U. S. Webb, Attorney-General, and Frank L. Guerena, for Respondent.

RICHARDS, J.—This is an appeal from a judgment of conviction of the defendant under indictment and conviction for embezzlement, and from an order denying a new trial.

The facts, which in the main are undisputed, are as follows: The defendant was the husband of Bessie S. Dates, deceased, and the stepfather of Mildred Jane Porter, the complaining witness before the grand jury. The wife of the defendant died in February, 1912, leaving a will, of which the defendant became and was the executor up to the time of the indictment. The estate of the deceased amounted in value to

$64,804.40, of which the sum of $43,654.89 was net cash in the hands of the executor. By said will the defendant was bequeathed an undivided one-half of the estate, while to her daughter, Mildred Jane Porter, the deceased left a legacy of twenty-five thousand dollars in money. There were also certain other minor legacies aggregating the sum of five thousand dollars. This will was duly offered and admitted to probate, and the defendant was appointed executor without bonds. The first annual account of the executor was filed in September, 1913, and showed the above net cash balance in his hands after all claims had been presented and paid. On April 13, 1914, a petition for partial distribution was filed. It purported to be signed by Mildred Jane Porter, but it is conceded that her signature to said petition was written by the local attorney who assumed to act for her in preparing and presenting the petition. At the time this petition was filed Mildred Jane Porter was in the state of Wisconsin and was a minor just under the age of eighteen years. Notice of hearing thereon was served upon the attorney of record of the defendant, and shortly thereafter a resistance to the petition signed by the defendant was presented and filed. A hearing was had on June 12, 1914, and thereupon the court made an order or decree of partial distribution, by the terms of which the defendant was directed to pay to Mildred Jane Porter, on or about the sixteenth day of June, 1914, the sum of twenty-five thousand dollars, the full amount of her legacy. On June 19, 1914, the defendant having failed and refused to comply with this order, an attachment was issued for his person upon an order to show cause why he had failed to pay over said legacy, and on July 10, 1914, on the hearing thereon, the defendant was committed to the custody of the sheriff until he should obey the order of the court. He remained in the sheriff's custody until August 5, 1914, when the grand jury returned an indictment charging him with the embezzlement of the amount of this legacy. Upon trial the defendant was convicted and sentenced to seven years in the state prison. From the judgment of conviction and from an order denying a motion for a new trial the defendant prosecutes this appeal.

The first contention urged by the appellant is that the venue of the offense was not proved as laid in the indictment. This contention the appellant predicates upon certain premises, the first of which is his assertion that the time within which

his embezzlement of the money constituting this particular
legacy could possibly have been committed is that lying be-
tween the twelfth day of June, 1914, the date of the decree
of partial distribution, and the fifth day of August, 1914,
the date of the indictment. During this period the evidence
shows that the defendant was in Monterey County from June
10th to June 19th; and hence, appellant argues, could not
have committed a crime triable in Marin County between
those dates. From June 19th to August 5th the defendant
was in the custody of the sheriff and in jail in Marin County,
and could not, therefore, according to the argument of ap-
pellant, have committed the crime of embezzlement between
those dates. Conceding for the sake of argument that the
venue of the crime would have been properly laid in Monterey
County had the defendant committed the offense while there,
still we see no difficulty in the way of his having been able
to accomplish the criminal conversion of this money during
the time when he was in the custody of the sheriff in Marin
County. He could easily have drawn a check or order on
the actual custodian of the funds if they were then intact,
and have thus diverted them to his own use.

The second premise of the appellant is equally untenable,
wherein he argues that the earliest date at which he could have
committed the offense was June 12, 1914, the date of the
decree of partial distribution. It is appellant's contention
that the title of Mildred Jane Porter to this legacy takes its
inception in this decree; but this is not the law of this state.
According to the terms of section 1341 of the Civil Code,
"Testamentary dispositions, including devises and bequests
to a person on attaining majority, are presumed to vest at
the testator's death." (*Estate of Campbell,* 149 Cal. 712,
[87 Pac. 573] ; *Estate of Glenn,* 153 Cal. 77, [94 Pac. 230].)
In the light of this section of the code and of these authorities
it seems clear that Mildred Jane Porter was the owner of this
legacy from the date of her mother's death, subject to the
claims of the creditors of the estate and to the rights of other
devisees and legatees to a ratable distribution in case the es-
tate prove insufficient to fully satisfy the terms of the will,
neither of which conditions exists in this case. For purposes
of administration the temporary possession of the entire estate,
including the money which this legacy called for, was in the
executor; and the condition of his trust was that it should

be safely kept until such time as it should be distributed to its owners by the court's decree. The fact that the defendant, as executor of this estate and custodian of these funds, was also the owner as devisee of an undivided one-half of the estate would in no sense have entitled him to convert any portion of this estate to his own personal uses prior to its legal distribution; and if he did so he would be guilty of embezzlement, although no decree of partial or final distribution had yet been made. This being so, the contention of the appellant as to the limited period to which the time of commission of the offense is to be confined must fail. The jury may have concluded from the evidence before it that the defendant had converted these funds to his own uses prior to the making of the decree of partial distribution, and we think there was enough evidence to justify such a conclusion. The fact that in one or more of his reports or accounts the executor reported this money as on hand in the estate would not be at all conclusive that the funds were actually there at the time of such report.

The appellant urged several objections to the admission in evidence of the decree of partial distribution, which objections he vigorously repeats in this court as grounds of reversible error. But the decree of partial distribution, as we have seen, was not the source of the legatee's title, but served only in this case as the basis for the demand made on behalf of the complaining witness, refusal of which would in itself amount to an act of conversion. This view of its value as evidence in the case removes much of the force of appellant's objections to the decree of partial distribution based upon the claim that it had not become final through the expiration of the period within which it might have been appealed from at the time of its offer and admission in evidence. As to this proposition, it was not necessary that it should have become final in order to serve as a basis for the legatee's demand for the delivery to her of the legacy which it directed. The statute (Code Civ. Proc., sec. 1661) provides that the court may make its order "requiring the executor to deliver to the legatee the whole portion of the estate to which he may be entitled." It follows necessarily that the court could in such order require such delivery within a specified time, which might be much more brief than the time allowed for an appeal from such order; besides, this defendant as executor had no

right of appeal from this order. (*Estate of Williams,* 122 Cal. 76, [54 Pac. 386].) His only right of appeal was in his capacity as devisee, and in that capacity his rights were un-affected by this order. And since it did not determine the legatee's title to her legacy, but only her right to its present possession upon a fixed date, the defendant as the executor of the estate was bound to comply with it, or else, as a devisee injuriously affected thereby, to appeal from it within the time required for compliance with its terms, just as in the case of any other judgment or order requiring the present payment of money, from which a party has the right of appeal within a certain period. If he would stay the execution or effect of the judgment or order, he must exercise his right of appeal from it at once, or else he must obey its mandate. In this case the defendant neither obeyed the court's order in his capacity as executor nor appealed from it in his capacity as a devisee, and hence it was properly admitted in evidence as the basis of the legatee's demand for the delivery of her legacy to her, the refusal of which would be evidence of a conversion.

The appellant's further contention that the trial court erred in admitting this decree in evidence, for the reason that the probate court did not acquire jurisdiction to make it, is based upon the facts that the petition for partial distribution had appended to it the name of Mildred Jane Porter, which was written there not by herself but by her local attorney, while Mildred Jane Porter was, at the date of filing said petition, a minor just under the age of eighteen years, and was not competent to give a delegation of authority. But the record affirmatively shows that shortly after the filing of this petition Mildred Jane Porter became of age, and coming to California, and being then of age, participated in the proceedings for partial distribution, and thereby ratified the acts of the attorney who represented her in filing and presenting her petition. The record also discloses that the defendant appeared in response to whatever notice was given, and filed his formal resistance to the petition without objection to it upon the grounds now urged; and it further appears that upon the day set for hearing the attorney of record for defendant, as executor of the estate, appeared and consented in open court to the entry of the decree. These acts on the part of the defendant constituted a waiver of whatever informalities

there may have been in the presentation of the petition or in the form of notice of the hearing thereon. (*Crew* v. *Pratt*, 119 Cal. 131, [51 Pac. 44].)

The appellant urges a number of objections to the instructions given or refused or modified by the court; but a reading of the entire body of the instructions as given by the court convinces us that these objections are not substantial enough to justify a reversal or merit a separate review.

Judgment and order affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 24, 1916.