A. C. BROWN, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Division B.

Opinion filed April 15, 1931.

224

*W. T. Bludworth*, of DeFuniak Springs, for Plaintiff in Error;

*Cary D. Landis*, Attorney General, *Roy Campbell*, Assist. Attorney General, for State.

DAVIS, J.—Plaintiff in Error was convicted under Section 7245, C.G.L., 5144 R.G.S., of secreting with intent to embezzle certain property which had been delivered to him as administrator of the estate of J. J. Brown, deceased.

The indictment under which the conviction was had charges that the defendant did then and there "feloniously and fraudulently conceal for his own use certain property, then and there being the subject of larceny, delivered to him the said A. C. Brown, by virtue of his appointment and status as administrator of the estate of J. J.

Brown, deceased, by action of the County Judge's Court of Walton County, Florida, to-wit, three hundred and forty six dollars and twenty-five cents of the value of $346.25, in money, currency and coin of the United States of America, a better description whereof is to the Grand Jurors unknown, the said property being of the property of the estate of J. J. Brown, deceased.''

This indictment is not so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense, so the motion to quash was properly denied. Revell v. State, 85 Fla. 502, 96 So. 156; Douglas v. State, 53 Fla. 27, 43 So. 424; Edwards v. State, 62 Fla. 40, 56 So. 401; Wolf v. State, 72 Fla. 572, 73 So. 740; Atkins vs. State, 86 Fla. 564, 98 So. 609; Bryant v. State, 89 Fla. 26, 103 So. 170.

The indictment here involved charges every element that is necessary to constitute an offense under Section 7245, C.G.L., 5144 R.G.S. The ownership of the property is shown, and is properly stated to have been in the estate of J. J. Brown, deceased, of which estate the indictment shows the defendant himself was appointed as administrator. People v. Dates, 29 Cal. App. 260, 155 Pac. 112. There is nothing in the language, context or history of the statute which supports the plaintiff in error's contention that an administrator who secretes with intent to embezzle the goods of an estate delivered to him in his capacity as administrator, is to be excluded from being held criminally liable under the language of the Act which is by no means restrictive in its scope, or as to persons within its purview.

Objections to the admission of certain evidence were

made and strenuously insisted upon and the sufficiency of the evidence to support the verdict rendered was challenged by a motion for a new trial. It does not appear however that any material or harmful error was committed in the admission of evidence or in the refusal to grant a new trial, so the judgment must be affirmed. Drawdy v. State, 97 Fla. 367, 120 So. 575; Kirkland v. State, 86 Fla. 64, 97 So. 502; Knight v. State, 152 Ala. 56, 44 So. 585; Territory v. Hale, 13 Ann. Cas. 551.

Affirmed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.