JOHNSON, Judge.
John E. Pierce, Jr., was appointed executor of the Last Will and Testament of Plelcn F. Bikle, deceased, on May 19, 1961. He was charged in an information filed January 24, 1964, with embezzlement from the estate in several counts, all of which were abandoned by the State except count three. This charged the larceny of $8,000.00' and the information alleges that this took place September 3, 1963, but in response to an order for a Bill of Particulars, the State charged the offense to have been committed on June 6, 1963. (This was the date the court ordered Mr. Pierce to make his *45 accounting and pay over to his successor all money and property in his hands belonging to the estate.) The first witness for the State, inter alia, offered the voucher of $8,000.00 dated August 18, 1961 payable to the defendant individually, drawn on his executor’s account. Objection was raised by the defendant’s counsel on the ground -that it affirmatively showed that it was beyond the statute of limitation (two years). Then by the same witness, the state offered in evidence, which was received over objection of the defendant, a voucher for $12,487.45 payable to First Federal Savings .& Loan Association and dated June 30, 1961, and signed by J. E. Pierce, Jr. It .appears from the evidence that the $8,000.00 check was used by the defendant on August 18, 1961, for his personal benefit, to cover another check drawn by Mr. Pierce on another account, to-wit, the $12,487.45 check supra.
The defendant filed motion to quash the information on the grounds that same was defective and failed to charge a crime. 'This motion was denied. When the $8,-000.00 check, which is the basis for the ■offense charged, was proffered, the defendant raised the defense of the statute of limitation, because the check was dated August 18, 1961, more than two years prior to the filing of the information. The same question was raised in the motion for a new trial, after the jury had convicted the defendant. The objection was denied .as well as the motion for a new trial. Hence this appeal.
We do not find error committed by the trial court in denying the motion to quash on the ground that the information was defective as to form and content.
We do, however, find and so hold that the trial court erred in permitting into evidence the $8,000.00 voucher and the $12,487.45 voucher dated August 18, 1961, because of the running of the Statute of Limitation. The trial court erred when it instructed the jury that the bill of particulars stated the precise date as to count three, which was the only count to be concerned with and that the date therein fixed was June 6, 1963, and in substance that the State had to show only that the information was filed within two years from June 6, 1963.
The Florida Statute of Limitation against criminal prosecution is two years after the offense was committed. It then becomes a question for the court to decide as to when was the offense committed: (1) at the time of the actual conversion as proved by the State, or (2) the date the court made the demand to pay over. This is a rather close question and the Florida courts have not dealt therewith heretofore. The State cited two Kansas cases[1] in support of its contention that the offense is not committed until a demand is made, asserting that to hold otherwise would be to permit a wrongdoer to put into execution his misappropriating of trust funds and his fraud beyond the two year limitation. We can not agree with this philosophy. There is a statutory requirement for an executor to file annual reports of his actions. If he fails to do so, the probate court of its own volition or an interested party, such as a beneficiary or creditor, may require the same, so that if any wrongdoing is apparent, action may be taken within the Statute of Limitation; if a false return is made, then, of course, this constitutes a new criminal offense and sets in motion a new limitation.
We find a case from Oklahoma in 1927, which is almost on all fours with the case sub judice.[2] In this case, the record clearly *46 indicated from the evidence that the act constituting the offense was committed more than 3 years prior to the prosecution and was therefore barred by the Statute of Limitation. The information in this case alleged the embezzlement to have been on the date of removal of the guardian, 1924, whereas the proof showed the act to have happened in 1920. The court held the same was barred by the Statute.
Also we find the Missouri court[3] has dealt with a similar set of facts as follows : Defendant was an officer, director and stockholder. He made false and fraudulent representations resulting in him beating his company out of $28,000.00, on or about December 1953, and the indictment so alleged the time, but that it was not discovered until 1959. Defendant moved to dismiss on ground of Statute of Limitations which was granted. The court said that the state had to prove one of the statutory exceptions to the rule of limitation to keep the offense from being barred, and that the allegation that it was only discovered August 3, 1959, did not constitute one of the exceptions and therefore prosecution was barred.
In 22 C.J.S. Criminal Law § 226, page 587, the statement is made that in embezzlement, limitations begin to run when the crime is committed, not when discovered or made manifest by failure to pay over on demand. To the same effect is the statement of principle found in Wharton’s treatise on criminal law and procedure, 1 Wharton, Criminal Law and Procedure § 183 (Anderson 1957), as follows:
“In the absence of statutory exceptions, the period of limitation against prosecution for the crime of embezzlement is usually deemed to commence running at the time of the wrongful diversion or act of misuse or, if the process is continuing in nature, at the time of the last of such acts.
* £ * * * *
“The embezzler’s concealment of the fact of his crime does not prevent the commencement of the running of the statute as of the time his criminal act was committed, or toll the running of the statute during the time he successfully conceals his criminal act, in the absence of any express exception in the application of statutes of limitation.”
It therefore appears to us that when the State proves only a withdrawal of funds from a fiduciary’s bank account without showing what disposition was made of such withdrawal or the purpose therefor, the Statute of Limitation does not begin to run until a demand is made. But, when the State proves the withdrawal of the funds and the actual conversion thereof to the fiduciary’s own use at a period of time more than the statutory period of two years prior to commencement of prosecution, the prosecution is barred by the statute of limitation. If the State merely shows a withdrawal, there is no case, and if it shows the conversion as was done in this case, it makes a good case, but one that is barred by the Statute of Limitation. As suggested by the Oklahoma Criminal Court of Appeals in the Synnott case, supra, maybe our legislature should make special provision for cases like this one, but until that is done, this court can only apply the statute as written.
For the reasons stated, said cause is reversed and remanded for further proceedings consistent with this opinion.
WIGGINTON, Acting C. J., and WAY-BRIGHT, ROGER J., Associate Judge, specially concur.

. State v. Evans, 143 Kan. 29, 53 P.2d 789; State v. Sanders, 127 Kan. 481, 274 P. 223.

. Synnott v. State, 260 P. 517 (Okl.Cr., 1927): “Where a guardian embezzles the funds of his ward, and no prosecution is commenced for more than 3 years from the date of the last embezzlement * * * the action is harred by the statute of limitations.” The court further said: “It occurs to us that it would be wise if the Legislature should enact an ex *46 ception to the limitations above quoted, which should provide that the limitation should run not from the commission of the offense, but from tbe time of the discovery of the offense in cases of embezzlement, larceny by fraud, some forms of forgery, and possibly some other offenses. That, however, is a matter for the Legislature, and not for the courts.”

. State of Missouri v. Weiler, 338 S.W.2d 878 (Mo.1960).