PER CURIAM.
The decision of the District Court of Appeal, First District, is reviewed here by certiorari granted on petition buttressed by a certificate of the District Court “that said decision passes upon a question of great public interest as contemplated by Section 4(2), Article V, of the Constitution of Florida [F.S.A.].”
The District Court reversed a decision of the trial court in which respondent had been found guilty of a violation of Section 811.021(1) (c), Florida Statutes, F.S.A., specifically defining certain conduct as amounting to larceny.
The respondent was appointed executor of the last will and testament of Helen F. Bikle on May 19, 1961, and on January 24, 1964 information was filed charging him with the stealing of $8,000.00 allegedly taken by him on September 3, 1963, but by bill of particulars the State advised that the theft was committed on June 6, 1963. The subject of the prosecution was a check on the estate funds made by the respondent on August 18, 1961, and obviously appropriated to his own use. A more detailed presentation of the factual background appears in the opinion of the District Court, Pierce v. State, 188 So.2d 44.
The defendant contended that prosecution was barred by the two year statute of limitations since the information was filed more than two years subsequent to August 18, 1961, the date of the check involved. The prosecution countered that the theft was committed June 6, 1963, when the executor failed to respond with the funds pursuant to an order of the probate court made on that date, which latter date was within the statutory period. Thus, the controlling question is the time at which the two-year statute of limitation involved began to run. The District Court, in reversing the decision of the lower court, said:—
“The Florida Statute of Limitation against criminal prosecution is two years after the offense was committed. It then becomes a question for the court to decide as to when was the offense committed: (1) at the time of the actual conversion as proved by the State, or (2) the date the court made the demand to pay over. This is a rather close question and the Florida courts have not dealt therewith heretofore.” * * *
“It therefore appears to us that when the State proves only a withdrawal of funds from a fiduciary’s bank account without showing what disposition was made of such withdrawal or the purpose therefor, the Statute of Limitation does not begin to run until a demand is made. But, when the State proves the withdrawal of the funds and the actual conversion thereof to the fiduciary’s own use at a period of time more than the statutory period of two years prior to commencement of prosecution, the prosecution is barred by the statute of limita *888 tion. If the State merely shows a withdrawal, there is no case, and if it shows the conversion as was done in this case, it makes a good case, but one that is barred by the Statute of Limitation. As suggested by the Oklahoma Criminal Court of Appeals in the Synnott case, supra, maybe our legislature should make special provision for cases like this one, but until that is done, this court can only apply the statute as written.”
The information under which the respondent was tried and found guilty was anchored to Florida Statute § 811.021(1) (c), F.S.A., which provides:
“A person who, with intent to deprive or defraud the true owner of his property or of the use and benefit thereof, or to appropriate the same to the use of the taker, or of any other person: * * *
“While acting as executor, administrator, committee, guardian, receiver, collector, or trustee of any description, appointed by a deed, will, or other instrument, or by an order or judgment of a court or officer, secretes, withholds or otherwise appropriates to his own use, or that of any person other than the true owner, or person entitled thereto, any money, personal property, goods and chattels, thing in action, evidence of debt, contract, property or article of value of any kind, in his possession or custody by virtue of his office, employment or appointment; steals such property, and is guilty of larceny.” (Emphasis supplied.)
Since we have no decision by this court in point, we have looked elsewhere and frankly admit that we find holdings both ways, some of which support the view followed by the District Court. The problem here is further confused by the fact that the conduct charged is usually thought of as embezzlement but is defined by Florida Statute, supra, as larceny. We observe that on June 6, 1963, the probate court issued an order in the nature of a Rule Nisi returnable in fifteen days directing respondent to do numerous things bringing his administration up to date and “at the end of said accounting, show what assets are in your hands belonging to said estate, and * * * Directed and Ordered to produce at said time and place aforesaid, satisfactory evidence that the assets of said estate are in your possession and under your control, and that same are safe and secure in your possession and to produce and tender for the Court’s inspection all bank statements, cancelled checks, vouchers and other pertinent data related thereto, or show cause why you should not be compelled to do the things hereinabove set forth and required to be done.”
On July 1, 1963, it appearing that respondent had failed to make satisfactory compliance with the Rule Nisi, he was removed by the probate court and directed to make a full accounting “and to pay over into the registry of this Court or to his successor administrator for the use and benefit of said estate, all sums of money due the estate by him as may be found from an accounting required to be filed herein as hereinafter set forth, to wit: within twenty days from the date of this order.”
The item of $8,000.00 was not paid over and thus occurred a violation of the statute denouncing secreting and withholding of funds, and that violation occurred on July 21, 1963, within two years of the filing of the information.
Until the Executor was called upon officially by the County Judge to account for the moneys of the estate and failed to do so, the acts of secreting, withholding and appropriating said moneys insofar as the Ex-ecutorship was concerned were not consummated. Until there was an overt act in terms of an actual withholding of the probated moneys of the estate after official demand therefor, there was no direct violation of the quoted statute. The presumption prevailed until failure to produce the funds that the Executor properly had them in his keeping and would produce them *889 when they were officially demanded. Whatever he may have done with the moneys contrary to his trust prior to the time they were demanded by the County Judge m nowise defeats the operation of § 811.021 (1) (c), which is violated from and after the time the moneys were not forthcoming as required by the County Judge for a probate purpose.
And so it is that the offense was committed on July 21, 1963, within the two year statute of limitation involved and it was error for the District Court to reverse the decision of the lower court. In reaching this conclusion, we have considered the following cases:
State v. Evans, 143 Kan. 29, 53 P.2d 789, where that court said: “It is the law that the crime of embezzlement is committed when one who is intrusted with the money or property of another fails to have it forthcoming on the lawful demand of the person to whom it belongs. This is a rule of necessity. The state could never show at what particular instant of time or in what particular locality any wrongdoer conceived and put into execution his wicked design of appropriating to his own use the money or property intrusted to his keeping.” (Emphasis supplied.)
State v. Thang, 188 Minn. 224, 246 N.W. 891, in which the court said:
“The claim that the three-year statute of limitations (Minn.St.1927, § 10655) has run is, we think, without merit. If the original wrong was done in 1926, it was carried along through 1928, when the account was settled by the probate court. At that time the defendant said, or the jury could have found that he said, that the $1,000 was in the account. In 1930, when he met the positive demand for payment, he refused because, he did' not have the money and said that it had been used.”
And Commonwealth v. Shoener, 216 Pa. 71, at page 75, 64 A. 890, at page 891, in which that court said:
“We must, for the reason so clearly stated by Mr. Justice Brown in Commonwealth v. Shoener, 212 Pa. 527, 61 A. 1093, hold that in order to complete and render liable to indictment the crime with which this defendant stands charged, there must be an actual demand made upon him by a proper officer, and ‘a failure to pay that which, at the time the demand is made, clearly belongs to the county making the demand.’ The offense had no existence until after a lawful demand, within the meaning of the statute, was made, and from the date of that demand the statute of limitations began to run." (Emphasis supplied.)
Also compare Brown v. State, 101 Fla. 223, 133 So. 866, and Fitch v. State, 135 Fla. 361, 185 So. 435, 125 A.L.R. 360.
Thus the decision under review is quashed with directions that the judgment of the trial court be affirmed.
It is so ordered.
O’CONNELL, C. J., and ROBERTS, DREW, CALDWELL and ERVIN, JJ., concur.
THORNAL, J., concurs in judgment.
THOMAS, J., dissents with opinion.