Abraham N. Geller, J.
This is a motion by defendant, an attorney sued for malpractice, to dismiss the complaint on the ground of the Statute of Limitations.
Plaintiff sustained injuries on June 5, 1962 as the result of an accident with a Manhattan and Bronx Surface Transit Operating Authority bus. She retained defendant a few days later. She subsequently testified at the statutory hearing held by the Authority but the summons and complaint were not served until December, 1963. The Authority set up in its answer an affirmative defense of the short Statute of Limitations of one year and 30 days prescribed in section 1212 of the Public Authorities Law. It appears that plaintiff’s case has remained dormant from that point to this day, no further proceedings having been taken in the action.
Plaintiff telephoned the office of defendant at various times, inquiring concerning the progress of her case. She states that on one occasion defendant told her that her case would not be reached for trial for three years. She kept on calling and was given the same information by his secretary. In 1966, she called again and was informed that defendant had left New York in 1964 (defendant states that he permanently left this State to live in 'California in January, 1964, having left his matters with an attorney he refers to as his managing attorney). The secretary gave plaintiff the name of still another attorney as the one to whom her case had been turned over by defendant. This attorney told her he was handling some cases for defendant, but not hers.
She then filed a complaint with the Bar Association which referred her to an attorney for consultation, investigation and legal action, if necessary. That attorney represents her in this action. Defendant urges that the limitations rule governing malpractice actions is that the cause of action accrues when the mal *274 practice occurs and not when it is discovered; that this cause of action for malpractice accrued on July 6, 1963 by virtue of the failure to institute suit against the Authority by that date; and that the cause was outlawed on July 6, 1966 by the three-year Statute of Limitations. This action was commenced in October, 1967.
It is quite clear that there is no merit whatever to the defense of the Statute of Limitations. Defendant was absent from this State from January, 1964 on and the statute was tolled during the entire period of his absence.
Moreover, while the general rule is that the Statute of Limitations in malpractice actions runs from the time the malpractice occurs, there is a well-recognized exception where the doctor continues to treat the plaintiff following the malpractice for the same injury, in which case the continuance of the treatment extends the statute so that it runs from the last treatment (Borgia v. City of New York, 12 N Y 2d 151).
There is no sound reason for limiting this exception to medical malpractice. The rationale underlying it applies with even greater force to malpractice on the part of an attorney who holds on to the file of plaintiff’s case after the commission of the malpractice, purports to continue to act as her attorney in the allegedly pending action, and either personally or through his representatives assures her that the matter is being taken care of awaiting trial. Sick patients often consult several doctors while under treatment by one, but clients rarely consult other attorneys while their case is pending. In the case of such malpractice, there is no reason for the client to suspect that anything is wrong and the statute could actually run out while the attorney is still holding on to the papers and the case. Unless this exception were to be recognized in the case of lawyers’ malpractice, a lawyer who had committed an act of malpractice could render himself immune from liability by the simple device of holding on to the case for three more years.
Defendant’s motion to dismiss on the ground of the Statute of Limitations is accordingly denied. The branch of the motion to dismiss on the ground of release is likewise denied, it appearing that the conditional release given to the attorney described as the managing attorney in exchange for a small payment expressly reserved all rights against other parties. The final branch of the motion, to cite the present attorney representing plaintiff with contempt for professional misconduct, is an audacious request on the part of an attorney who is sued for malpractice and seeks to avoid responsibility not on the basis of the facts but on technical grounds. However, plaintiff’s present *275 attorney states that he deems it appropriate at this time to ignore this attack and accordingly no action is being suggested or taken in this regard.
The further request in defendant’s affidavit, but not set forth in his notice of motion, for the striking of certain numbered allegations of the complaint is not passed upon, the complaint not having been filed and no copy submitted with the motion papers.