228 So.2d 622 (1969)
Edward R. DOWNING, Appellant,
v.
Joseph L. VAINE, Appellee.
No. L-273.
District Court of Appeal of Florida. First District.
December 9, 1969.
Edward R. Downing, pro se.
Blalock, Holbrook, Lewis, Paul & Bennett, Jacksonville, for appellee.
WIGGINTON, Judge.
Defendant attorney at law has appealed a final judgment rendered against him in a malpractice action in which he was charged with negligence in the handling of a civil action for plaintiff. The trial resulted in a verdict by which the jury awarded plaintiff damages in the sum of $10,000.00. The principal point on appeal challenges the correctness of the trial court's ruling which denied defendant's motion for directed verdict based upon his defense that the action was barred by the statute of limitations.
The facts pertinent to the issue presented for decision are not in material dispute. Appellee Vaine was a member of a tugboat crew operating in the waters of the Republic of Honduras. He and the members of his crew were arrested by the police authorities in Honduras on criminal charges placed against them by the local representative of Hawthorne Lumber Company, a New York corporation. It was ultimately determined on appeal that the accusations against appellee and the other members of the crew were unfounded, his conviction was reversed and he was ordered dismissed and pardoned. On returning to the United States, appellee and the other members of the crew employed a New York attorney *623 to institute action against Hawthorne Lumber Company for recovery of damages suffered by them as a result of the malicious prosecution initiated by the local representative of that corporation in Honduras. The attorney so employed by appellee employed another set of attorneys as co-counsel, who in turn employed appellant. All three sets of attorneys diligently set about to secure a transcript of the record and trial proceedings involving the criminal prosecution against appellee in the courts of Honduras. Difficulty was experienced in securing these documents which were needed in order to properly prepare the action to be filed in the State of New York against the lumber company. The cause of action asserted by appellee Vaine and the other members of his crew against the lumber company accrued on March 24, 1962. The statute of limitations in effect in the State of New York required that all actions for malicious prosecution be commenced within two years from the accrual of the cause of action sued upon. Although appellant was employed as second co-counsel some six months prior to the expiration of the statute of limitations on March 24, 1964, the suit was not filed nor the action commenced on behalf of appellee against the lumber company until June 12, 1964. This date was more than two and one-half months after the expiration of the statute of limitations which barred the maintenance of the action.
Subsequent to the filing of the action by appellee in the Federal District Court of New York, the case took its normal course through the pleading and discovery stages. Defendant lumber company ultimately filed a motion for summary judgment based upon the ground that the action was barred by the two-year statute of limitations. A hearing on this motion was held before the court after which the matter was taken under advisement. It was not until February 2, 1967, that the court rendered its opinion and order granting summary final judgment in favor of the lumber company. The judgment was predicated upon the sole ground that the action was barred by the two-year statute of limitations in effect in the State of New York. It was not until March 20, 1967, that appellee Vaine was notified that his action had been dismissed because of its untimely filing. Appellant subsequently moved from the State of New York to Florida where he opened a law office and commenced the practice of law on October 1, 1968.
The action sub judice which we now review was brought by appellee Vaine against appellant Downing in the Circuit Court of Duval County, Florida, on October 23, 1968. The complaint filed herein charges appellant with negligence in his representation of appellee by having failed to commence his cause of action against the lumber company in the State of New York prior to the time it was barred by the statute of limitations of that state. The complaint alleges that as a result of the negligence of appellant, appellee suffered damages by being foreclosed of the opportunity of securing a judgment against Hawthorne Lumber Company for the malicious prosecution initiated by that company against appellee in Honduras. To the complaint appellant filed the defense of general denial and also the affirmative defense that this action is barred by the three-year statute of limitations effective in the State of New York and applicable to actions of this kind. In this defense appellant alleged that appellee's cause of action against him, if any, accrued on March 24, 1964, the date on which appellee's cause of action against the lumber company was barred by the statute of limitations in New York; that the action sub judice was not filed until October 23, 1968, more than four and one-half years after appellee's cause of action accrued, and it is therefore barred. At the conclusion of the evidence appellant moved the court for a directed verdict on his defense of the statute of limitations, which motion was denied. Appellant's request for instructions based upon his defense of the statute of limitations was likewise denied. It is these orders of denial which appellant *624 assigns as error and urges as grounds for reversal.
The parties are in agreement that the statute of limitations in effect in the State of New York at the time appellant was employed as counsel to represent appellee, and at all pertinent times thereafter, required that actions for damages resulting from malpractice by an attorney be commenced within three years from the date the cause of action accrued. The sole question for our determination is when did appellee's cause of action against appellant accrue under the facts and circumstances of this case. If, as contended by appellant, the cause of action accrued on the date appellee's action for malicious prosecution against the lumber company in the State of New York was barred by the statute of limitations on March 24, 1964, then the action sub judice was untimely filed and is therefore barred by the New York three-year statute of limitations. If, however, as contended by appellee, the cause of action did not accrue to appellee until he was notified by his attorneys on March 20, 1967, that his action against the lumber company had theretofore been dismissed on February 2, 1967, because it was untimely filed, then the action sub judice was timely filed on October 23, 1968, and would not be barred by the three-year statute of limitations.
The general rule followed by most jurisdictions in the United States would seem to favor appellant's position that appellee's cause of action against him accrued on March 24, 1964, when appellee's cause of action against the lumber company was barred by the New York statute of limitations. The rule has been stated to be as follows:
"As a general rule, in the absence of fraudulent concealment, where an attorney at law is guilty of negligence or breach of duty in performing services for his client, the client's cause of action accrues and the statute begins to run at the time when the negligence or breach of duty occurs, not at the time when it is discovered or actual damage results or is fully ascertained; * * * where the attorney neglects to prosecute the claim until it becomes barred by the statute of limitations, the client's right of action accrues at the time the claim becomes barred and the statute runs against him from that date."[1]
And in American Jurisprudence, the author propounds the general rule to be as follows:
"In the absence of any fraud or concealment on the part of an attorney, a client's cause of action based on professional negligence or misconduct accrues at the time of the neglect or misconduct, and the statute of limitations begins to run at that time. Thus, a cause of action based on an attorney's negligence or want of skill in the prosecution or management of an action or its defense accrues at the time the attorney fails to exercise the proper degree of professional skill, not when the consequent damages result or become liquidated, and the statute of limitations begins to run at the time the cause of action accrues."[2]
The foregoing rule was followed by the New Jersey Court of Errors and Appeals in the case of Sullivan v. Stout.[3] Decisions from other jurisdictions adhering to Sullivan v. Stout, supra, are annotated in 118 A.L.R. 216(1). A more recent case following the general rule is that of Fort Myers Seafood Packers, Inc. v. Steptoe & Johnson[4] decided by the United States Court of Appeals for the District of Columbia in 1967. For cases adhering to *625 Fort Myers Seafood Packers, Inc. case, supra, see the cases annotated in 18 A.L.R. 3d 1005, § 8(b).
A careful examination of the decisions which adopt the general rule above stated fails to disclose the rationale which gives credence to and justifies the rule. The effect of the rule is to hold that an injured client must commence the action against his attorney for malpractice within the period of limitations after the negligent act is committed, even though the client is totally unaware of the fact that the negligent act giving rise to the cause of action had occurred. We find it impossible to rationalize how an injured client can be required to institute an action within a limited time after his cause of action accrues if he has no means of knowing by the exercise of reasonable diligence that the cause of action exists. It occurs to us that one should be held in fault for failing to timely exercise a right only if he knows, or by the exercise of reasonable diligence should have known, that such right existed. It is our view that the general rule above elucidated casts upon a client an unfair burden of knowing as much about the intricacies of the law as does the attorney whom he employs to protect his legal rights. In order to comply with the rule, the injured client would have to be sufficiently versed in the law to know exactly how and on which date his attorney committed an act of negligence in the prosecution or maintenance of the legal matters entrusted to his care in order that an action against the attorney might be instituted before being barred by the statute of limitations. We cannot agree with legal philosophy which adheres to such an unreasonable principle of law.
Our research has failed to reveal any decision by an appellate court of Florida dealing with the precise question presented for our decision, and none has been called to our attention by counsel for the parties.
In somewhat analogous cases our courts have attempted to define what constitutes the accrual of a cause of action as a predicate for activating the statute of limitations, which decisions are helpful in determining whether the policy of this state requires adherence to the general rule observed in other jurisdictions.
In dealing with the subject of limitations of actions, the author of Florida Jurisprudence writes:
"The general rule is to the effect that when there has been notice of the invasion of a legal right or a person has been put on notice of his right to a cause of action, the statute of limitations begins to run. But mere ignorance of the facts which constitute the cause of action will not postpone the operation of the statute of limitations, where such ignorance is due to want of diligence; a party cannot thus take advantage of his own fault. Where, however, the cause of action does not arise except on ascertainment or knowledge of a particular fact, or where demand is a necessary prerequisite of recovery and the plaintiff is in no position to make a demand until he has learned the facts, the rule is otherwise. A person cannot be held bound to assert a right before he is chargeable with knowledge of its existence."[5]
It is noted from the foregoing that the event which triggers the running of the statute of limitations is notice to or knowledge by the injured party that a cause of action has accrued in his favor, and not the date on which the negligent act which caused the damages was actually committed.
In the early case of Franklin Life Ins. Co. v. Tharpe[6] brought to collect the proceeds of an insurance policy, the insurer pleaded the statute of limitations in bar of the action. It was contended that suit was not instituted within the time required by *626 statute following the death of the insured, which event accrued the cause of action. In rejecting this contention the court held that the beneficiary of the insurance policy did not know of its existence until some time after the insured died, and the statute of limitations for bringing action on the policy did not commence to run until the beneficiary acquired knowledge that the policy existed. In so holding the court approved the following principle:
"`* * * "It cannot be said that a person should assert a right before he has knowledge of or is chargeable with knowledge of, the same; and this doctrine has been applied in miscellaneous cases cited in the subjoined note, and cases mentioned in several places in this title  despite the strong general rule hereinbefore stated  such cases being based perhaps upon the theory that the cause of action does not accrue until knowledge thereof is obtained. * *"'"
In the subsequent case of Buck v. Mouradian[7] an injured patient brought action against her physician for damages resulting from the physician's negligence in treating her. The court held:
"The general rule is to the effect that when there has been notice of the invasion of a legal right or a person has been put on notice of his right to a cause of action, the statute of limitations begins to run. * * *"
It is noted that the foregoing principle follows the view that the statute commences to run only when the injured person knows or has been put on notice that a cause of action has arisen in his favor.
In the more recent case of State v. Pierce[8] an attorney who was serving as executor of an estate was charged under the larceny statute with having misappropriated to his own use probate funds received by him in his fiduciary capacity. One of the defenses interposed by the executor was that the prosecution was barred by the statute of limitations. The defendant contended that the two-year statute of limitations for instituting a prosecution for larceny commenced to run on the date the funds were actually withdrawn from the estate account and converted to the executor's personal use, which date was more than two years prior to the filing of the information against him. In rejecting this contention, the Supreme Court held that the statute did not commence to run until a later date when demand was made upon the defendant by the probate judge to account for the estate funds in his hands, at which time it was first discovered that the funds had been misappropriated and were no longer in the estate account. Thus the holding of the court was to the effect that the statute of limitations barring a prosecution for larceny does not commence to run from the date of the act constituting the larceny, but only from the date that such act becomes known to those having an interest in the fund or its proper accounting. If it was not the date on which the administrator's act of misconduct occurred but the date on which such act became known to the court which commenced the running of the statute of limitations, then it would follow in a civil action that it is not the date on which the act of negligence occurs, but the date on which notice of that act becomes known or by the exercise of reasonable diligence should have become known to the injured client which commences the running of the statute of limitations barring an action against the attorney for malpractice.
In the case of Wilson v. Econom[9] plaintiff client sued her defendant lawyer for damages resulting from his failure to file a personal injury claim against the Manhattan Transit Authority before the claim became barred by the statute of limitations. To the action the defendant filed a defense *627 asserting that the action brought against him was barred by the three-year statute of limitations in effect in the State of New York. It was the defendant's theory that his act of negligence occurred on the date that plaintiff's personal injury action was barred by the statute of limitations, and since the action against him was not instituted within the period of limitations required by the New York statute, it was now barred. It was plaintiff's position that it was not until long after her action against the Transit Authority was barred by the statute of limitations that it became known to her that the attorney had failed to timely file her action, and that upon receipt of this information she promptly filed the suit against him for the damages suffered. After holding that the defense of the statute of limitations asserted by the attorney was not sustainable on other grounds, the court proceeded by way of dictum to hold that since the attorney continued to handle the client's case after the claim was barred by limitations, and led her to believe that it was being handled in a proper manner, the client's cause of action did not accrue until she ultimately learned that because of her attorney's negligence she had lost the right to maintain her action against the Transit Authority. The court held that the statute of limitations did not commence to run until knowledge of the attorney's negligence was obtained, and the statute was not activated by the attorney's act of negligence in failing to timely file the action. The court held that such rule:
"* * * applies with even greater force to malpractice on the part of an attorney who holds on to the file of plaintiff's case after the commission of the malpractice, purports to continue to act as her attorney in the allegedly pending action, and either personally or through his representatives assures her that the matter is being taken care of awaiting trial. * * * In the case of such malpractice, there is no reason for the client to suspect that anything is wrong and the statute could actually run out while the attorney is still holding on to the papers and the case. Unless this exception were to be recognized in the case of lawyers' malpractice, a lawyer who had committed an act of malpractice could render himself immune from liability by the simple device of holding on to the case for three more years."
In the case sub judice appellant was employed to represent appellee in his malicious prosecution action against the lumber company on October 28, 1963. Appellant failed to file the action before the statute of limitations barred the action on March 24, 1964. After the action was finally commenced on June 12, 1964, appellant continued to handle it through the pleading and deposition stages over a long period of months, never once advising appellee that the action was untimely filed and its maintenance barred by the applicable statute of limitations. It was not until March 20, 1967, that appellee had any knowledge of appellant's negligence in failing to timely file the action which resulted in the summary judgment of dismissal. It therefore affirmatively appears that appellee did not know, nor by the exercise of reasonable diligence should he have known, that appellant's act of negligence occurred on March 24, 1964, upon his failure to timely file the action against the lumber company. Appellee had no knowledge of the fact that a cause of action had accrued in his favor against his attorney until his action against the lumber company was dismissed and he was so notified on March 20, 1967. Under the circumstances it is our view, and we so hold, that the statute of limitations on appellee's cause of action against appellant for damages resulting from the latter's malpractice did not commence to run until appellant's act of negligence became known to appellee on March 20, 1967. Since this action was filed within three years from that date, the commencement of the action was timely and not barred by the three-year statute of limitations.
*628 We have carefully considered the remaining points urged by appellant for reversal, but find them to be without substantial merit. The judgment appealed is accordingly affirmed.
CARROLL, DONALD K., Acting C.J., and RAWLS, J., concur.
NOTES
[1] 54 C.J.S., Limitations of Actions § 135c, p. 57.
[2] 7 Am.Jur.2d 154, Attorneys at Law, § 186.
[3] Sullivan v. Stout, (1938) 120 N.J.L. 304, 199 A. 1, 118 A.L.R. 211.
[4] Fort Myers Seafood Packers, Inc. v. Steptoe & Johnson, 127 U.S.App.D.C. 93, 381 F.2d 261, 18 A.L.R.3d 974.
[5] 21 Fla.Jur. 194, 195, Limitation of Actions, § 37.
[6] Franklin Life Ins. Co. v. Tharpe, 131 Fla. 213, 179 So. 406, 407.
[7] Buck v. Mouradian, (Fla.App. 1958) 100 So.2d 70, 71.
[8] State v. Pierce, (Fla. 1967) 201 So.2d 886.
[9] Wilson v. Econom, 56 Misc.2d 272, 288 N.Y.S.2d 381, 383, 384.