JOHNSON, Judge.
This is an appeal by the defendant below, Continental Casualty Company, from an order setting aside the jury verdict in favor of defendant and granting plaintiff-appellee a new trial. The sole question presented for our determination is whether the trial court abused its discretion in entering said order upon the grounds that his conscience was shocked by the verdict and that his instructions tended to mislead the jury.
The factual situation out of which the present cause of action began goes back to 1962 when Thomas R. Quigley and the members of his tugboat crew were arrested by the Honduras Government on criminal charges placed against them by a representative of a New York corporation. It was ultimately determined that the accusations against Quigley and the other members of his crew were unfounded and they were released. Upon their return to the United States, Quigley and the crew members employed John Peddy, a New York attorney who was Quigley’s brother-in-law, to bring suit against those who had caused their arrest and imprisonment for the recovery of damages suffered by them as a result of the malicious prosecution. Not being versed in that type of practice, Ped-dy employed another set of attorneys as co-counsel, who in turn employed Edward R. Downing, another New York attorney, to bring the action on behalf of Quigley and the others. Suit was thereafter filed in the Federal District Court of New York, but was terminated upon the entry of a summary judgment against Quigley and the others upon the ground that the complaint had been filed after the cause of action had become barred by the two-year statute of limitations. Appellee, as admin-istratrix of her deceased husband’s estate, was notified a little over a month later, in March of 1967, that the action had been terminated because of its untimely filing.
In 1968, Joseph L. Vaine, one of the crewmen who was a co-plaintiff in the dismissed New York suit, brought a malpractice suit against Downing in Florida, where Downing had moved. Appellee’s present attorney of record, David L. Lewis, represented Vaine in that suit in which the jury returned a verdict in Vaine’s fa *88 vor awarding him $10,000.00 m damages. Said verdict and judgment thereon was affirmed by this Court in Downing v. Vaine, 228 So.2d 622 (Fla.App. 1st, 1969).
As a result of the above suit, Peddy advised appellee to retain Lewis as her attorney and suit was thereafter filed by Lewis on appellee’s behalf against Downing. There was some dispute as to whether or when Downing’s malpractice insurer, appellant herein, was notified of this action, but appellant refused to defend Downing, as it had in Vaine’s suit against Downing, upon the ground that it was not liable for any coverage under its policy with Downing because Downing had failed to give it notice several years ago during the matters which occurred in New York. Appellee recovered a judgment against Downing in the amount of $40,000.00.
The present suit was then brought by ap-pellee against appellant, and Downing cross-claimed. A verdict was directed against Downing on the cross-claim and appellee’s case against appellant was submitted to the jury upon the sole issue of whether or not appellee, by her or through her attorneys, gave notice of her claim to the appellant as soon as was practical or reasonably possible for her to do so, as is required by the policy and by New York law. The jury returned a verdict for the appellant and appellee moved for a directed verdict or for a new trial. The trial court granted appellee a new trial for the reasons that the verdict of the jury shocked the conscience of the court and that the court erred in its instructions to the jury when it charged them that the knowledge of an attorney is imputed to be the knowledge of the client, without clarifying that instruction to differentiate between appellee’s original attorney, Downing, whose cross-claim against appellant had been dismissed by directed verdict in the same trial, and appellee’s other attorneys, Lewis and Peddy.
Appellant claims in this appeal that the trial judge abused his discretion in setting aside the verdict and granting a new trial. We do not agree.
The trial court was exercising judicial discretion in which he had wide discretion and we fail to find an abuse of discretion. Also, the fact that the trial court recognized his error in an instruction, bolsters the correctness of the trial court’s decision in setting aside the jury verdict and granting a new trial.
Affirmed.
SPECTOR, C. J., and WIGGINTON, J., concur.