Arnold L. Fein, J.
Plaintiffs move to dismiss defendants’ affirmative defense that this action for attorneys’ malpractice is barred by the three-year Statute of Limitations. The question is when the cause of action accrued.
The alleged negligence of defendants, and particularly defendant Robinson, consisted in preparing, recommending and approving a stock option plan for plaintiff corporation that would be entitled to preferential tax treatment as a “ qualified stock option ’ ’. Plaintiffs allege that the plan failed to qualify under the applicable tax statutes. Defendants’ advice was originally given by letter dated October 6, 1964, to the corporation’s board of directors. The board approved of the plan by resolution at a board meeting on October 14,1964. Its president, pursuant to that resolution, authorized the execution of the plan and granted the options on November 10, 1964, “in the *720 form * * * advised by counsel ”, subject to the approval of the shareholders. Final approval of the plan occurred at a shareholders’ meeting on February 9, 1965. Defendants’ services as the corporation’s attorneys continued until February 17, 1966. The alleged invalidity of the stock options was not discovered until December, 1967, by the corporation’s new counsel. The action was commenced by service of a summons and complaint on February 8,1968.
Plaintiffs contend that the cause of action accrued at the earliest, on February 9, 1965, when the option became operative at the shareholders’ meeting, or at the latest, on the date of termination of defendant’s services, on February 17, 1966. On either basis, the action would not be time-barred.
Plaintiffs rely on the rationale of recent cases holding that the last date of continuous treatment of a particular matter by the attorney is the date when the cause of action accrues (CPLR 214, subd. 6; Siegel v. Kranis, 29 A D 2d 477; Marine Midland Trust Co. of Mohawk Val. v. Penberthy, Delorio & Rayhill, 60 Misc 2d 11; Wilson v. Econom, 56 Misc 2d 272).
Defendants argue that November 10, 1964, the date the corporation’s president granted the options, pursuant to defendant’s advice and the board’s resolution, is the latest date when the alleged malpractice occurred and the cause of action accrued. On this basis the action would be barred by the applicable statute. Defendants contend that the continuous treatment ended on that date because: (1) the option agreements were executed and dated November 10, 1964 and were effective as of that date; and (2) the board resolution made the approval of the shareholders a “condition subsequent”, which would have made the already effective agreements “null and void” only if approval were withheld.
It must be held that the continuous treatment in advising plaintiffs as to the validity of the option agreements as “ qualified stock options ” continued at least until the final approval of the plan by the shareholders at the February 9, 1965, annual meeting. Whether such approval was a condition precedent to the effectiveness of the agreements, or a condition subsequent which would make the agreements “null and void”, if the shareholders’ approval were withheld, is not controlling. At least up until that meeting defendants, as the corporation’s general counsel who had furnished the legal advice with respect to the plan, had a duty which they had undertaken to advise the corporation and ipso facto, its shareholders, of the legal effect of the plan. If their advice constituted malpractice, because *721 erroneous, the mistake could have been corrected by appropriate advice to the shareholders at their meeting. Thus, the cause of action accrued at the date of that meeting, whether one relies on the continuous treatment doctrine or the line of cases holding that the cause of action accrues when the act or failure to act constituting the malpractice occurs, irrespective of when the damage results or the client discovered or should have discovered the facts. It is manifest that the shareholders acted in reliance on defendants’ advice and that defendants knew the shareholders action would be taken on that basis.
It is unnecessary therefore to consider whether the continuous treatment applicable to attorneys ’ malpractice terminated when counsel’s representation terminated (see Gilbert Props. v. Millstein, 33 N Y 2d 857, affg. on other grounds 40 A D 2d 100), or when the client discovered or should have discovered the wrong or when the actual damage, if any, was inflicted (see Troll v. Glantz, 57 Misc 2d 572). The alleged erroneous advice constituting the wrongful act or omission related to the same problem, The advice was originally given to the board of directors in October and November, 1964. It continued to guide and determine corporate action until the shareholders’ meeting on February 9, 1965, whicíi may be termed the end of the treatment. The cause of action (ffien accrued. (Siegel v. Kranis, 29 A D 2d 477, supra; Borgia v. City of New York, 12 N Y 2d 151; Wilson v. Econom, 56 Misc 2d 272, supra.)
Since the action was commenced within three years of this accrual date, the action is not barred by the Statute of Limitations.
Accordingly, the motion to dismiss the affirmative defense is granted.