WENTWORTH, Judge.
Appellant seeks review of a final order dismissing his legal malpractice action on statute of limitations grounds, and denying his motion for rehearing and motion to amend complaint. We reverse the order appealed.
On January 2, 1985, appellant filed a malpractice action against appellees, alleging that they failed to perform their commitment to timely respond to a California lawsuit against him. Appellant was served with a summons and complaint in the California proceeding on November 20, 1981. He alleged that documents relating to the action were forwarded to appellees for handling, and that he was told by appellees on December 10, 1981 that matters relating to the suit would “be taken care of.” However, an answer to the action was not timely filed, and a default was taken on December 15, 1981. Appellant claimed that appel-lee Fleming expressly told him that the necessary steps would be taken to have the default set aside. This was not done and a final judgment was entered against appellant on January 12, 1982.
Appellant alleged that appellee Fleming continued to give assurances that he would take all necessary steps to set aside the final judgment. However, no action was taken to attempt to have the final judgment set aside until May 1982, when California counsel was retained. Appellant’s motion to vacate final judgment was denied on January 4, 1983.
Appellant’s position is that the malpractice action, filed January 2, 1985, was commenced within two years of the California court’s January 4,1983 denial of his motion to vacate the final judgment. Appellees assert that the statute of limitations began running no later than June 14, 1982 — the date appellant executed an affidavit to be used by his California attorney in support of his motion to vacate the default judg *1210 ment. Appellees contend that the affidavit, attached as an exhibit to the complaint, showed appellant then had knowledge of the existence of a malpractice cause of action.
On January 28, 1985, appellees filed a motion to dismiss the complaint, arguing that it failed to state a cause of action, and that it was barred by the statute of limitations under section 95.11(4)(a), Florida Statutes. The trial court granted appellees' motion to dismiss, with prejudice, on the statute of limitations ground. Appellant then filed a motion for rehearing and a motion for leave to amend complaint. The court denied both motions.
Appellant argues in the first of two points on appeal that the trial court erred in granting appellees’ motion to dismiss because the complaint and its exhibit sufficiently disclosed a question of fact as to when appellant discovered, or in the exercise of due diligence should have discovered, his cause of action against appellees. Section 95.11(4)(a), Florida Statutes, provides for commencement of actions:
(4) Within Two Years.—
(a) An action for professional malpractice, other than medical malpractice, whether founded on contract or tort; provided that the period of limitations shall run from the time the cause of action is discovered or should have been discovered with the exercise of due diligence. However, the limitation of actions herein for professional malpractice shall be limited to persons in privity with the professional.
In Edwards v. Ford, 279 So.2d 851 (Fla.1973), the Florida Supreme Court adopted this court’s view as stated in Downing v. Vaine, 228 So.2d 622 (Fla. 1st DCA 1969). The Supreme Court held that the event which triggers the running of the statute of limitations is notice to or knowledge by the injured party that a cause of action has accrued in his favor, and not the date on which the negligent act which caused the damage was actually committed. And in Adams v. Sommers, 475 So.2d 279 (Fla. 5th DCA 1985), the court reversed a ruling that a legal malpractice action was barred by the statute of limitations under Section 95.11(4)(a). The court held:
... there was a genuine issue of material fact as to when Adams’ cause of action for legal malpractice arose. Section 95.-ll(4)(a) provides that the period of limitations shall run from the time the cause of action is discovered or should have been discovered with the exercise of due diligence. This provision has been uniformly construed to mean that the event which triggers the running of the statute of limitations is notice or knowledge to the injured party that a cause of action has accrued in his favor, and not the date on which the negligent act which caused the damages was actually committed [cite omitted]. Here Adams was certainly aware that the satisfaction of mortgage had been set aside by the trial court; however, that knowledge alone is not dispositive of when Adams discovered or should have discovered the alleged negligence of her attorney....
As noted, a critical fact in the present controversy was appellant’s execution of an affidavit on June 13, 1982, for his California attorney to use in support of a motion to vacate the California default judgment. Appellee correctly contends that the affidavit showed that appellant had knowledge of his attorney’s misconduct. But contrary to appellees’ position, the affidavit does not set forth facts necessarily showing that appellant knew he had a cause of action against appellees for negligence in the handling of the California proceeding. Appellant stated in the affidavit and complaint that his attorney (appellee/defend-ant) initially said he was unaware of the complaint filed against appellant, but later discovered the complaint in the office; that defendants said they would “have the ... default judgment set aside;” that plaintiffs in the California action were accepting payments and he “thought there was no problem,” but when liens were filed in Iowa he “realized something more has to be done;” and that expense was incurred in hiring California counsel. Those recitations, as to events prior to the order denying motion to vacate default, appear to us to be consist *1211 ent with a conclusion of either excusable or actionable neglect, to be resolved as a factual issue and not on motion to dismiss.
We find that the affidavit does not compel, or even permit, a conclusion that appellant “discovered or should have discovered with the exercise of due diligence” that a cause of action had accrued in his favor. Section 95.11(4)(a), Florida Statutes. The question of when appellant discovered or should have discovered his cause of action is a factual one which remains to be determined. The motion to dismiss should not have been granted on grounds that it affirmatively appeared from the face of the complaint and attachments that the action was barred by the statute.
Appellant argues in his second point on appeal that the trial court erred in denying him leave to amend the complaint. Because of our conclusion above, we need not reach that issue.
The order of dismissal is reversed and the cause remanded for further proceedings.
BOOTH, C.J., and SMITH, J., concur.